C. & S. S. Perine *against* Dunn.

On a bill to redeem, or for the foreclosure of a mortgage, the time allowed for the redemption is not fixed and certain; but rests in the sound discretion of the Court, to be regulated by circumstances.

The usual time, on a bill to redeem, is *six months*, from the liquidation of the debt by the Master's report; and it *seems*, that the time allowed will not, afterwards, be enlarged.

On bill a for *foreclosure*, the time may be enlarged from six months to six months, or from three months to three months, upon equitable terms, and according to the circumstances of the case; but this rule of practice applies only to bills of foreclosure, strictly so called, where the equity of redemption is barred by the decree, and a complete title vested in the mortgagee; and not to cases of a decree for a sale of the mortgaged premises, according to the usual practice in this Court.

Where a party fails to redeem within the time allowed, it is usual to dismiss the bill, which amounts to a bar of the equity of redemption.

Where a bill is dismissed on the merits, without any direction that the dismissal shall be without prejudice, it may be pleaded in bar to a new bill for the same matter.

Where a bill was not simply to redeem, but, also, to set aside a mortgage, *three months* only were allowed to the mortgagor; and where the mortgagee has been detained from his remedy on the mortgage, for many years, by a long and tedious litigation. payment may be required in a shorter time, as thirty days after the final decision of the cause.

THIS cause came before the Court upon exceptions to the Master's Report, in respect to the amount due to the defendant upon the mortgage which the plaintiff, *C. Perine*, wished to redeem. (See S. C. vol. 3. p. 508.)

THE CHANCELLOR having corrected the report, and determined, upon the facts contained in a special report of the Master, the amount of the principal and interest due upon the bond and mortgage, decreed, that the plaintiffs should

pay the same, together with the costs of this suit, and certain costs directed to be paid by the former decree of the 28th of *September* last, *within three months,* or that the bill stand dismissed with costs. He said it might be proper here to give some explanations on the subject of these allowances of time, made in a decree to redeem or foreclose.

The period of six months was allowed by Lord *Hardwicke,* in the case of *Proctor* v. *Oates,* (2 *Atk.* 139.) which was upon a bill to redeem. The six months were computed from the date of the Master's Report ascertaining the amount due upon the mortgage, and upon default, the bill was to be dismissed. From what Lord *Eldon* said, in *Novosielski* v. *Wakefield,* (17 *Ves.* 417.) it may be inferred, that the usual time allowed to redeem, on a bill by the mortgagor to redeem, was six months after the debt was liquidated by the Master's Report; and a distinction was taken by the Chancellor, between a bill by the mortgagor to redeem, and a bill by the mortgagee to foreclose the equity of redemption. In the latter case, he admitted, that it was. the practice, after giving the usual time of six months to redeem, in the decree of foreclosure, *to enlarge* the time, upon motion and upon terms. He said, he had found such a practice established by his predecessors, and he had followed it with considerable regret, as the effect was frequently a severe grievance to the mortgagee. The period to redeem, on a decree of foreclosure, has, in some cases, been several times enlarged from six months to six months, or from three months to three months, upon equitable terms, and under the special circumstances of the case. (*Anon.* 3. *Eq. Cas. Abr.* 605. n. 37. *Edwards* v. *Cunliffe,* 1 *Mad. Ch. Rep.* 287.) But in the case of a bill to redeem, the plaintiff professes to be ready with his money; and Lord *Eldon* would not enlarge the time for payment, and said there was no such practice.

I take it for granted, that the time to be allowed by the decree to pay the mortgage debt, whether on a bill to re-

1819.

PERINE
v.
DUNN.

deem, or upon a bill to foreclose, is not absolutely certain, but rests in discretion, and will be regulated by the circumstances of the particular case. In the precedents in *the Equity Draftsman*, the time is left blank. But I am inclined to think, that six months is the *usual* time under the *English* practice, on bills to redeem; and there is the more reason for the allowance of such a liberal time, considering that the time will not afterwards be enlarged, and that a failure of payment by the time would, probably, be equivalent to a forfeiture of the equity of. redemption. This was so understood by the counsel, in the case already cited from 17 *Vesey*. The usual decree, in these cases of bills to redeem, where the party fails to redeem, or is not entitled to redeem, is, that the bill be dismissed. (*Smith* v. *Valence*, 1 *Rep. in Ch.* 90. *Roscarrick* v. *Barton*, 1 *Ch. Cas.* 217. *St. John* v. *Turner*, 2 *Vern.* 418. *Packington* v. *Barrow*, *Prec. in Ch.* 216. *Knowles* v. *Spence*, 1 *Eq. Cas. Abr.* 315. *Proctor* v. *Oates*, 2 *Atk.* 139. *Hartpole* v. *Walsh*, 4 *Bro. P. C.* 369. *Van Heytheuysen's Eq. Draftsman*, 648. *New-York* edit.) Such a dismissal, I apprehend, amounts to a bar of the equity of redemption, because it might be pleaded in bar of a new bill to redeem.

A bill regularly dismissed upon the merits, where the matter has been passed upon, and there is no direction that the dismission be without prejudice, may be pleaded in bar of a new bill for the same matter. This is the amount of the cases on the point. (*Prettyman* v. *Prettyman*, 1 *Vern.* 310. *Peterborough* v. *Germaine*, 1 *Bro. P. C.* 281. *Anon.* 1 *Ch. Cas.* 155. *Brandlyn* v. *Ord*, 1 *Atk.* 571. *Cater* v. *Dewar*, *Dickens*, 654.) There may, indeed, questions arise on this subject, as, whether the decree of dismissal has been duly enrolled, or duly and finally rendered, or whether it amounts to a *res judicata* upon the substance of the bill; but assuming these points of form and criticism to be all properly settled, it would seem to be within the reason of the rule, that a decree dismissing a bill seeking to redeem,

because the plaintiff would not redeem when allowed and directed, should conclude the party from a new bill to redeem. Why should he be allowed to vex the mortgagee again with a faithless proposition? The maxim in the civil law would seem to be applicable to such a case—*bona fides non patitur ut bis idem exigatur.* A decision of Lord *Macclesfield*, in *Jones* v. *Hendrick*, (*Belt's Supp.* to *Ves.* 381. vol. 2. 450., and 3 *Bro. P. C.* 315. old ed.) overruling a plea of an absolute decree of foreclosure, to a bill subsequently brought to redeem, does not seem to be reconcileable with principle. It would be better if we were permitted to read that case as Lord *Hardwicke* understood it, (2 *Ves.* 450.) who considered the plea to be bad, because there was no final and absolute order for foreclosure. On that ground, the decision overruling such a plea would be intelligible. It may be proper here to observe, that though six months, subject to enlargement, are allowed to redeem, on *a bill to foreclose,* yet the rule and the practice apply only to cases of strict foreclosure, where, by the decree, the equity of redemption is barred, and the complete title is vested in the mortgagee. The rule does not apply to cases of decrees for the sale of the mortgaged premises, according to our usual practice. The mortgagor, in such cases, is not subjected to a severe and absolute forfeiture of all his right, but he has the chance of the surplus moneys arising from the sale, and is placed upon the same footing of equality with debtors against whom judgments are rendered, and executions awarded at law.

In the present case, I have allowed to the plaintiff three months only, because the bill was not simply a bill to redeem. The main object of it was to set aside the mortgage, and it has led to a long and discouraging litigation of several years. The prayer to redeem was upon the condition that the plaintiffs failed in their principal purpose. In such a case, the mortgagee who comes out of the contest successfully has a just right to expect, and to demand

*1819.*

PERINE
v.
DUNN.

\* *Ante,* p. 65.

prompt redemption.    So, in the late case of *Brinckerhoff* v. *Lansing,*\* one object of the bill was to set aside the mortgage as satisfied, and kept on foot by fraud.    The idea of redeeming it did not seem to have occurred to the plaintiffs.    I, therefore, required prompt payment on the final decision, as the mortgagee had been detained, by a suit for years, from his remedy on the mortgage.    In such cases, it is peculiarly incumbent on a mortgagor to be ready with his money.    But where the bill is a plain simple bill to redeem, and there has been nothing unfavourable in the conduct of the mortgagor, I shall be disposed to follow the *English* practice in the allowance of time.