Thurman, C. J.
It is quite clear that there is nothing contained in the first bill of exceptions that would warrant a reversal of the judgment. The point meant to be presented by the bill is, whether *260 the decree in the chancery suit estopped the defendant to set up the defense specified in his notice. Rut, in order to raise that point, it was indispensably necessary for the plaintiff to offer the chancery record in evidnece to the jury. Had he done so, and had it beeD objected to and the objection sustained, or had it gone to the jury, and had the court charged that it did not operate as an estoppel, then by a bill of exceptions the point might have been saved. But it was never offered to the jury, and of course there was no refusal to permit it to go in evidence, nor any instruction given in respect to it. The idea that it could be made available, on a motion to rule out the defendant’s testimony, is certainly as novel as anything that we have met with, and quite as unsound as it is novel. The jury, and not the court, were the triers of the facts; and to them, and not to the latter, was the plaintiff to adduce his testimony in answer to the defense. And it makes no difference that the .question, what was the legal effect of the testimony, might be for the determination of the court, the testimony itself was to go to the jury, subject to the right of the court to instruct them.
But it is said that the court did actually hold that the decree did not bar the defense, and that such an opinion was expressed as a reason-for overruling the plaintiff’s motion, is certainly true; but how does this aid the plaintiff? The motion was correctly decided, whatever was the effect of the decree; and if the opinion of the court was erroneous, it simply presents a case of a sound judgment with a bad reason given for it. That such a judgment should not be reversed for such a cause, would seem to be too *obvious to need the support of authority; but if that is needed, it may be found in abundance. Steamboat Waverly v. Clements, 14 Ohio, 37; Harman v. Kelley et al., Ib. 507.
It is hardly necessary to add, that the opinion expressed by the court did not dispense with the necessity of offering the record to the jury, if the plaintiff wished to save his point; but it is to be noted, that the only thing excepted to under this head was the overruling of the motion, and that nothing else is assigned for error based upon the first bill of exceptions. It is very clear, then, for each of these reasons, that this part of the case presents nothing for us to decide but the question, whether the motion was properly overruled. That it was so, is too plain for doubt.
Nevertleless, the repugnance we feel to decide a case upon any other than its substantial meiits, has led us to examine the opinion *261 ■complained of; although, it could not, for the reasons I have stated, be of any avail to the plaintiff, were we convinced that the opinion •is erroneous. But we are not so convinced. On the contrary, the result of our investigation is, that we think it is correct.
There is no question that a decree in chancery may be as effectual a bar to an action or defense at law, as would be a judgment at law; but the question is, when is a judgment or decree a bar? Upon this subject Chancellor Kent, in the well considered case of Neafie v. Neafie, 7 Johns. Ch. 4, said: “A bill regularly dismissed upon :the merits, may be pleaded in bar of a new bill for the same matter; for if the same matter, or the same title, should be drawn into question again by another original bill, it would, as the cases say, ‘ introduce perjury, and make suits endless.’ The cases to this point were referred to in Perrine v. Dunn, 4 Johns. Ch. 142. But in the cases I have looked into upon dismission of former bills, the new bill was brought by the same party who filed the original bill; and the're is said to be a material distinction between a new bill by such a party and a new bill concerning the same subject by the defendant *in the first suit. To make the dismission of the former suit a technical bar, it must be an absolute decision upon the same point or matter; and the new bill, it is said, must be by the same plaintiff, or his representatives, against the same defendant or his representatives.”
This doctrine was fully approved by Judge Story, in his Commentaries on Equity Pleading, sections 791-793, and other authorities cited in its support; and he states the rule to be, that “ a decree or order dismissing a former bill for the same matter, may be pleaded in bar to a new bill, if the dismission was upon the hearing, and was not, in terms, directed to be without prejudice. But an order of dismission is a bar only, where the court has determined that the plaintiff had no title to the relief sought by his bill; and therefore an order, dismissing a bill for want of prosecution, is not a bar to another bill.”
If these principles be applied to the case before us, there would ■seem to be no reasonable doubt, that the opinion of the district court is correct. For, first, the action at law was not brought by the plaintiff in the chancery suit, but by one of the defendants. Secondly — and this, in our judgment, is of much more imporiauee—it does not appear that the bill was dismissed upon hearing, or the merits of the case. There is certainly nothing in the re *262 cord to show, what Judge Story says is indispensable, that the court had “ determined that the plaintiff had no title to the relief sought by Ms bill.” Eor aught that is stated, the bill may have been dismissed for want of prosecution; and if it be said that this ought, not to be presumed, the answer may well be made, that it ought not to be presumed that the dismission was upon the merits. We think that, where the ground of dismission is not stated, nor anything found in the record from which it may be inferred, there is-no presumption either way; the consequence of which is, that it must be established that the dismission was upon the merits, and that fact is not shown and can not be presumed, there is no bar.
I should perhaps add, to avoid misapprehension, *that where it appears that the dismissal was upon a hearing of the case, it is to be inferred that it was upon the merits.
The second bill of exceptions contains two instructions given to the jury, and to which the plaintiff excepted.
By the first of these instructions, the jury were told, “ That if an indorsee has received a promissory note before due, and has paid a valuable consideration therefor, having such grounds for suspecting the consideration to be a worthless patent-right as would, or ought to have, put a prudent man upon inquiry, he takes the note at his peril.”
It is unnecessary for us to say whether, in our opinion, this instruction was correct or not; for there is not a word of testimony disclosed by the record to make it material. It is not certain that it was in proof to the jury, that the notes sued on, or either of them, had boon indorsed to the plaintiff: and' it is certain that it does not appear that they were indorsed before due. Nor is it shown that he paid any value whatever for them, nor that, when he purchased them, if he made any such purchase, he had any ground for suspecting what was their consideration. Evidence tending to prove all these matters was necessary to lay a foundation for the instruction ; but no evidence is shown, as having been given to the jury, tending to prove any one of them.
That a judgment will not be reversed, because an erroneous instruction was given to the jury, unless the record discloses some evidence tending to show that the instruction was material, is as Well settled as any point can be, and has nowhere been more distinctly stated, or constantly acted upon, than in our own courts. See Creed v. Com. Bank of Cincinnati, 11 Ohio, 489 ; Wash. Mu *263, 264 tual Ins. Co. v. Reed and Brown, 20 Ohio, 202, 206, 207; Kugler v. Wiseman, Ib. 361; Walker v. Lessee of Devlin, 2 Ohio St. 605.
For the same reason, it is unnecessary to decide whether the second instruction was correct; and also for an additional reason.
*This instruction related to the amount the plaintiff would be entitled to recover should the jury find in his favor. They were told that, upon the hypothetical case stated, the proper damages would be the sumí he paid for the notes. Assuming that that was less than their amount — although the bill of exceptions contains no proof to that effect — counsel say that the charge was erroneous; and that the proper damages would have been the amount of the notes, with interest. But it is obvious that, as there could be no-assessment of damages unless the defendant was found to be liable on the notes, and as the jury found that he was not so liable, it is-now wholly immaterial whether the instruction was correct or not.
As the motion for a new trial rested upon the same matters we have herein considered, and on no other, nothing need be said about it.

Judgment affirmed.