Hall *v.* Dodge.

## HALL *v.* DODGE.

The decretal order dismissing a bill in equity upon a hearing of the merits, is conclusive upon the same parties in a suit at law subsequently brought, in which the same matter is in issue; and the matter in issue is the same when the question raised by the answer to the bill and material to the complainant's case as set forth in the bill, is also made a material question in the suit at law by the evidence in defence under the general issue.

In a writ of entry brought by one tenant in common against a stranger, for an alleged disseizin of his undivided share of the land, it is no objection to the demandant's recovery under the general issue, that after suit brought, he procured his undivided share to be set off to him in severalty, by instituting proceedings for partition.

*It seems* that when the demandant in such case has declared upon a disseizin of his undivided share of the land, an amendment of the declaration, by the insertion of a count alleging a disseizin of the tract set off in severalty, is inadmissible.

If, however, such amendment were allowed, it would avail nothing to the demandant in such case, as he could recover only according to his title as it was at the time of suit brought.

WRIT OF ENTRY, to recover an undivided twelfth part of the Moor farm in Goffstown. Plea, *nul disseizin.*

Hall *v.* Dodge.

The plaintiff, John G. Hall, offered evidence that on the 30th of March, 1838, and for many years prior thereto, James Dodge, the father of Daniel G. Dodge, the defendant, was seized of said farm, and on that day conveyed it by deed to the defendant, upon receiving from him a bond, or other writing, conditioned for the support of said James and the performance of certain other things, the condition of which bond has been fulfilled. The plaintiff offered attested copies of the bill in equity, answer, replication, bill of revivor, and decree, Daniel G. Dodge, this defendant, against said James Dodge, filed July term, 1851 ; said bill alleging that James had improperly obtained possession of said deed, the same not having been recorded, and praying that he might be compelled to deliver it up to said Daniel G., and for general relief. The answer to the bill alleged that in the latter part of 1845, said Daniel G. agreed to deliver up the deed, then unrecorded, to said James, for the purpose of cancelling it, and re-vesting the title of the Moor farm in said James ; and that the deed was for that purpose so delivered up to James, and that he released said Daniel G. from his covenant in the bond.

On January 10, 1856, the bill was revived against the heirs and representatives of said James, then deceased, one of whom was this plaintiff.

At the June term, 1856, after hearing the parties and their evidence on the original bill and bill of revivor, it appeared to the court that the unrecorded deed mentioned in the bill was, in the latter part of 1845, re-delivered and given up by Daniel G. to James, with the intention and for the express purpose of its being cancelled, and of re-vesting in James the title of the whole of the premises embraced in the deed, as stated in the answer of James ; and it was ordered that the bill be dismissed, with costs for the then defendant.

The defendant objected to the admission of said copies as evidence, but the court overruled the objection, and admitted them.

The plaintiff further offered an attested copy of the will of James Dodge, duly proved, wherein he devised one undivided twelfth part of the Moor farm to the plaintiff.

The plaintiff then rested his case, claiming that the decree in the bill in equity was between these parties conclusive that the title of the Moor farm was in said James, and passed by his will to his devisees.

The defendant then offered in evidence attested copies of a petition for partition, filed June term, 1857, report of the committee making partition, and judgment thereon, rendered at the June term of said court, 1858, wherein the plaintiff, and others named in said petition, being all of the devisees of James, except John C. Dodge, petitionee, prayed to have their respective shares of the Moor farm set off to them in severalty, the defendant being in no way a party to said petition, or the proceedings therein; and, in the report on which said judgment was rendered, there was set off by metes and bounds to the plaintiff a certain part of the Moor farm, in said report particularly described, as the share of the plaintiff in the premises, and also offered evidence that said deed was not so delivered up and cancelled, which evidence the court rejected.

The defendant moved the court to instruct the jury that said decree was not conclusive evidence of the fact that the title of the Moor farm was in said James, and that the judgment for partition was conclusive that the plaintiff was not entitled to recover any undivided portion of the premises claimed in his writ.

The court declined so to instruct the jury, and instructed them that the decree was conclusive that the title of the premises was re-vested in said James, and that it passed to his devisees by his will, and that the partition was no bar to the plaintiff recovering the undivided portion of

the premises described in his writ. Thereupon the plaintiff moved to amend his declaration, by inserting a count for that portion of the premises so set off to him in severalty. The defendant objected to the allowance of the amendment. The court overruled the objection, and permitted the plaintiff to amend by inserting such count.

A verdict was taken for the plaintiff for the premises demanded, which the defendant moves to set aside, and for a new trial, for supposed error in the rulings and instructions of the court.

*C. R. Morrison*, for the demandant, contended that the decree in the chancery suit dismissing the bill, concluded the title as between these parties; that the proceedings in partition could not be considered under the plea of *nul disseizin;* and that, if they could, the plaintiff was nevertheless entitled to judgment for the parcel set off in severalty, or in any event, for one twelfth part of that parcel.

*S. N. Bell*, for the tenant.

SAWYER, J. The matter in controversy between the parties in the bill in chancery, was the title of the complainant in that suit, the defendant in this, under the deed from James Dodge to him. The bill sets up the seizin of James, the conveyance by him to Daniel, the loss of the deed and its unauthorized possession by James, the grantor, and prays for a decree ordering it to be re-delivered to the grantee, and for an injunction restraining the grantor from intermeddling with the land in derogation of the title under the deed. The answer of James admits the conveyance by him to the complainant, but avoids it by alleging an agreement to restore the title to the grantor, by giving up the deed to be cancelled, and a delivery of the deed to him, in pursuance of the agreement for that purpose. The merits of the controversy lay wholly in

the question, whether there was such a surrender of the deed to be cancelled, as extinguished the title of the defendant in this suit under it. The whole inquiry was as to the title by virtue of that deed. If that remained in the complainant, the grantee in the deed, he was entitled to the relief which he sought; while, on the other hand, if that title no longer existed, by reason of his having surrendered the deed to be cancelled, the court would adjudge the fact to be so, by a decree dismissing the bill. Proofs were taken by the parties upon the general replication to the answer of James, and the whole evidence on both sides was directed to this inquiry; the defendant in that suit endeavoring to maintain the position that the title of the complainant under the deed had been extinguished, by the agreement to surrender the deed to be cancelled, and its consequent delivery to him for the purpose of re-vesting the title; and the complainant by his proofs endeavoring to sustain the position that there had been no surrender or agreement to surrender the deed for that purpose.

This is precisely the controversy which arises in this case, upon the first ground of defence, namely: that the demandant's devisor, James Dodge, in his lifetime conveyed the premises demanded to the defendant; the answer to which is, that the deed was surrendered up, by agreement of the parties, in the lifetime of James, to be cancelled, for the purpose of re-vesting the title in the grantor. Upon that ground of defence, the matter in issue between the parties in this suit is identically that which was controverted, and constituted the entire substance and essence of the controversy, in the chancery suit. The matter in issue in that suit was precisely what is in issue in this, namely: the surrender of the deed to be cancelled for the purpose of re-vesting the title in the grantor. *King* v. *Chase*, 15 N. H. 9. The question was determined in that suit, by a court of competent jurisdic-

tion, upon an examination of the merits; and by the decretal order dismissing the bill upon a hearing on the merits, the question has passed *in rem judicatam.* The parties to this suit were also the parties to that, and the judgment of the court, in thus dismissing the bill upon a hearing of the merits, must be held to be conclusive upon them as to the matter in issue in all other courts; certainly in those of the same jurisdiction. 2 Dan. Ch. 1209, n. 1; Story's Eq. Pl., sec. 793; *Perine* v. *Dunn*, 4 Johns. Ch. 140; 2 Story's Eq. Jur., sec. 1523; 1 Stark. Ev. 206–209; 1 Greenl. Ev., sec. 528; *Demeritt* v. *Lyford*, 27 N. H. (7 Fost.) 541; *Lamprey* v. *Nudd*, 29 N. H. (9 Fost.) 299; *Hollister* v. *Abbott*, 31 N. H. (11 Fost.) 442.

No question arises here as to the effect of the prior judgment when not pleaded as an estoppel by the party who has opportunity to plead it. Here the plaintiff sets up the record as conclusive between him and the other party who has pleaded the general issue. The plaintiff can only offer it as evidence under that issue; but, when so offered, it is equally conclusive as though pleaded in bar. *Chamberlain* v. *Carlisle*, 26 N. H. (6 Fost.) 540. As to this ground of defence, the plaintiff is entitled to his verdict.

By the proceedings in the partition, the plaintiff's one twelfth part in common of the Moor farm, for which one twelfth the suit was originally brought, has become, as to the parties to the partition, a tract in severalty, parcel of the Moor farm, and now constituting his several share in it. The claim of the plaintiff, as originally made, was for one twelfth part of the farm in common. The cause of action set forth in the writ was an alleged disseizin of the plaintiff by the defendant, not of the entire estate in the whole, or any part of the land, but of one twelfth of the estate in common through the whole land. By the amended count, the claim is for the entire estate in a parcel of the land, the cause of action being the disseizin

of the entire estate in that parcel. Such an amendment would seem to be open to the objection that it introduces a new cause of action, and is, therefore, inadmissible. It is unnecessary, however, to decide this question, as upon another ground the amendment should not have been allowed, if in its nature it were such as to render it admissible. The plaintiff is to recover, if at all, upon his title as it was at the commencement of the suit. His title, as to the parcel since set off to him in severalty, was only to the one twelfth part of that parcel in common. If, then, his suit had originally been brought for the entire estate in that parcel, as set out in the amended count, he could have recovered but one twelfth part, because, at the time of suit brought, he shows title only to that extent under the will of James Dodge, and he would not be permitted to prove that subsequently, by the partition, he acquired title to the whole estate in that parcel. The amendment, therefore, if proper to be made, would be of no avail to the demandant, as the proceedings in the partition would give him no title to the tract set off to him, of which he could avail himself in this suit beyond the one twelfth part derived directly from the will. Nor can those proceedings avail the defendant, under the plea of *nul disseizin*, to defeat the plaintiff's action as to the one twelfth part in common which passed by the will. As to this defendant, those proceedings are *inter alios*. The plaintiff shows title from James Dodge, who was once seized, and it is nothing to the defendant, under the plea of the general issue, that a third person may have better title under him by virtue of the partition to a portion of the land than the plaintiff. The plaintiff's title is still better than his. He neither claims under the better title in a third person, nor by showing it does he disprove the demandant's seizin. *Enfield* v. *Permit,* 8 N. H. 512 ; *Gibson* v. *Bailey,* 9 N. H. 168.

If the defendant had pleaded in abatement, *puis darrein*, an entry by the co-tenants of the demandant under the partition, since the commencement of the suit, and possession by them as tenants of that part of the premises not included in the parcel set off to the plaintiff, this might, perhaps, have abated the writ as to the whole premises. *Waldo* v. *Mitchell*, 24 N. H. (4 Fost.) 229. But, under the plea of *nul disseizin*, the only question is whether the plaintiff has made out better title than the defendant. If the verdict was taken for one twelfth part of the premises, as claimed in the original count, it may be sustained, and judgment rendered upon it; if for the entire estate in the whole or any parcel of the premises, the verdict must be set aside, and

*A new trial granted.*