## CLARK *v.* REYBURN.

1. A decree of strict foreclosure, which does not find the amount due, which allows no time for the payment of the debt and the redemption of the estate, and which is final and conclusive in the first instance, cannot, in the absence of some special law authorizing it, be sustained.
2. No such special law exists in Kansas.
3. Where, after a mortgage of it, real property has been conveyed in trust for the benefit of children, both those in being, and those to be born; all children *in esse* at the time of filing the bill of foreclosure, should be made parties. Otherwise, the decree of foreclosure does not take away their right to redeem. A decree in such a case against the trustee alone, does not bind the *cestui que trusts*.

APPEAL from a decree of the Circuit Court for the District of Kansas, in a case in which one Reyburn had filed an

amended bill in equity against Jeremiah Clark, and Florinda his wife, and also against one Few, to foreclose a mortgage given by Clark and wife to him, Reyburn, on certain land then owned by them, and afterwards conveyed by them to the said Few, in trust for Mrs. Clark, during her life, and for the children of herself and of her then husband after her death.

*Messrs. Clough and Wheat, for the appellants, submitted an elaborate brief of Mr. L. B. Wheat, urging with several others, the objections taken by the court to the decree. Mr. Black, contra; a brief of Mr. E. Stillings being filed on the same side.*

Mr. Justice SWAYNE stated the case, and delivered the opinion of the court.

This is an appeal in equity. Reyburn is the complainant. Florinda Clark and Few only were made defendants by the original bill. She answered. Few filed a plea and demurred. On the 5th of May, 1862, leave was given to the complainant to amend his bill, and leave was given to Mrs. Clark to withdraw her answer. It had been filed as her answer in a former case, and was refiled in this case. The court ordered it to be restored to the files from which it had been taken. The complainant thereupon filed an amended bill whereby Jeremiah Clark was brought into the case as a defendant.

The amended bill states the following case:

That on the 30th of April, 1859, Jeremiah Clark executed to the complainant his promissory note for $5250, payable twelve months from date, with interest after maturity at the rate of twenty-five per cent. per annum. On the same day, Clark and wife executed to the complainant a mortgage upon the real estate therein described, conditioned to secure the payment of the note. The mortgage was acknowledged by the grantors, and duly recorded. Clark failed to pay the note at maturity. The complainant, on the 5th of October, 1861, filed his bill of foreclosure against the same parties who

are defendants in this suit.   Before the hearing, the bill was dismissed as to Mrs. Clark and Few.   It was adjudged and decreed that there was due from Jeremiah Clark $8565.77; that he should be forever barred and foreclosed of any interest in the mortgaged premises, and that they should be sold by the marshal, and the proceeds applied to the payment of the amount found due.   On the 27th of December, 1861, the marshal sold the premises to the complainant for $7000, and on the 23d of that month executed to him a deed for the property.   That there was still due to the complainant upon the decree the sum of $1884.25, for the payment of which, the interest of Florinda Clark in the mortgaged premises is chargeable.   That the defendant, Few, under a deed from Clark and wife to him in trust, claims to have the interest of a trustee in the property, which interest accrued subsequently to that of the complainant, and is inferior and subject to his mortgage.   The prayer of the bill is for a decree of foreclosure as to the interest of Florinda Clark and Few in the mortgaged premises, and for general relief.

Few filed an answer which sets forth, that about the 12th of January, 1860, Clark and wife executed to him, in trust, a deed for the same premises described in the mortgage; that the persons for whose benefit the deed was made were Florinda Clark, the wife of Jeremiah Clark, and their children, then born or thereafter to be born, and the lawful heirs of such children, with certain limitations as to the further disposition of the property as set forth in the deed, a copy of which it is stated is annexed to the answer of Mrs. Clark to the amended bill in this case.   As to all the other matters set forth in the bill, he avers that he has no knowledge, and he disclaims all interest in the matter in controversy, except as such trustee.   He prays that the court will adjudge fairly between the parties in interest, and that he may be dismissed with costs.

Clark and wife failed to answer.   The trust deed referred to in the answer of Few, as made a part of the answer of Mrs. Clark, is not in the record.   No replication was filed by the complainant, and no testimony was taken upon either

side.   The bill was taken *pro confesso* as to Clark and wife, and the case stood upon the bill and answer as to Few.

The court decreed that all the defendants should be forever barred and foreclosed of their right of redemption in the mortgaged premises. The decree does not find either the fact or the amount of the alleged indebtedness. It is silent upon the subject. The record shows no proceeding in relation to it. No time was given either to Mrs. Clark or her trustee within which to pay and redeem. The foreclosure was unconditional, and was made absolute at once. The appeal is prosecuted to reverse the decree.

In our view of the case it will be sufficient to consider one of the numerous objections insisted upon by the counsel for the appellants.

The sale and conveyance by the marshal transferred the entire interest of Jeremiah Clark in the mortgaged premises to Reyburn, but it did not in any wise affect the equity of redemption which had been vested in Few by the trust deed of Clark and wife to him.* The equity of redemption would have been barred and extinguished by the decree which ordered the premises to be sold if the proper parties had been before the court when it was made. The bill in that case having been dismissed as to Mrs. Clark and Few, the proceedings left their rights in full force. They were before the court in the case now under consideration, and the trust estate was then for the first time liable to be affected by its action. If there was a balance of the debt secured by the mortgage still unpaid, they were properly proceeded against, and the complainant was entitled to relief. The question to be considered relates to the character of the decree.

Can a decree of strict foreclosure, which does not find the amount due, which allows no time for the payment of the debt and the redemption of the estate, and which is final and conclusive in the first instance, be sustained?

The equity of redemption is a distinct estate from that

---

* Childs *v.* Childs and others, 10 Ohio State, 339.

which is vested in the mortgagee before or after condition broken. It is descendible, devisable, and alienable like other interests in real property.* As between the parties to the mortgage the law protects it with jealous vigilance. It not only applies the maxim "once a mortgage always a mortgage," but any limitation of the right to redeem, as to time or persons, by a stipulation entered into when the mortgage is executed, or afterwards, is held to be oppressive, contrary to public policy, and void. By the common law, when the condition of the mortgage was broken, the estate of the mortgagee became indefeasible. At an early period equity interposed and permitted the mortgagor, within a reasonable time, to redeem upon the payment of the amount found to be due. The debt was regarded by the chancellor, as it has been ever since, as the principal, and the mortgage as only an accessory and a security. The doctrine seems to have been borrowed from the civil law.† After the practice grew up of applying to the chancellor to foreclose the right to redeem upon default in the payment of the debt at maturity, it was always an incident of the remedy that the mortgagor should be allowed a specified time for the payment of the debt. This was fixed by the primary decree, and it might be extended once or oftener, at the discretion of the chancellor, according to the circumstances of the case. It was only in the event of final default that the foreclosure was made absolute.

In this country the proceeding in most of the States, and perhaps in all of them, is regulated by statute. The remedy thus provided when the mortgage is executed enters into the convention of the parties, in so far that any change by legislative authority which affects it substantially, to the injury of the mortgagee, is held to be a law "impairing the obligation of the contract" within the meaning of the provision of the Constitution upon the subject.‡

At the date of the execution of this mortgage the act of

---

* 1 Powell on Mortgages, 252; 2 Greenleaf's Cruise, 128.

† 2 Greenleaf's Cruise, 77–78; Spence's Equity Jurisdiction, 601–603.

‡ Bronson v. Kinzie, 1 Howard, 311; Williamson v. Döe, 7 Blackford, 13.

the territorial legislature of Kansas of 1855, "concerning mortgages," was in force. It directed that in suits upon mortgages the mortgagee should recover a judgment for the amount of his debt, "to be levied of the mortgaged property," and that the premises should be sold under a special *fieri facias*. But it also provided that nothing contained in the act should be so construed as to "prevent a mortgagee, or his assignee or the representative of either, from proceeding in a court of chancery to foreclose a mortgage according to the course of proceeding in chancery in such cases."* This gave to the complainant in the case before us the option to proceed in either way. He elected to file a bill in equity. No rule of practice bearing upon the subject, established by the court below, has been brought to our attention.

The 90th rule of equity practice adopted by the Supreme Court, directs that where no rule prescribed by this court, or by the Circuit Court, is applicable, the practice of the Circuit Court shall be regulated by the practice of the High Court of Chancery in England, so far as it can be applied consistently with the local circumstances and convenience of the district where the court is held.

The equity spoken of in the Process Act of 1792, is the equity of the English chancery system.†

Spence says: "At length, in the reign of Charles I, it was established that in all cases of mortgages, where the money was actually paid or tendered, though after the day, the mortgage should be considered as redeemed in equity as it would have been at law on payment before the day; and from that time bills began to be filed by mortgagees for the extinction or foreclosure of this equity, *unless payment were made by a short day, to be named.*"‡

The settled English practice is for the decree to order the amount due to be ascertained, and the costs to be taxed;

---

* Statutes of Kansas of 1855, p. 509.

† Robinson *v.* Campbell, 3 Wheaton, 212; Boyle *v.* Zacharie, 6 Peters, 648.

‡ Equity Jurisdiction, 603.

and that upon the payment of both within six months, the plaintiff shall reconvey to the defendant; but in default of payment within the time limited, "that the said defendant do stand absolutely debarred and foreclosed of and from all equity of redemption of and in said mortgaged premises."* We have been able to find no English case where, in the absence of fraud, a time for redemption was not allowed by the decree. The subject was examined by Chancellor Kent, with his accustomed fulness of research. He came to the conclusion that the time was in the discretion of the chancellor, and to be regulated by the circumstances of the particular case; but he nowhere intimates that such an allowance could be entirely withheld.† The practice in Illinois is in conformity to these views.‡ In the light of these authorities we are constrained to hold the decree in the case before us fatally defective.

There is another point upon which we deem it proper to remark before closing this opinion. It was urged by the counsel for the appellants, as a further ground of reversal, that the children of Clark and wife, who are alleged to be beneficiaries under the trust deed, were not before the court. It does not appear by anything in the case that there were such children *in esse*. If the facts were as alleged, it is clear that they should have been made parties. Otherwise their right to redeem could not be taken away by the decree. A decree against the trustee alone does not, in such a case as this, bind the *cestui que trusts*.§

The decree is REVERSED, and the cause will be remanded to the court below for further proceedings

                 IN CONFORMITY TO THIS OPINION.

---

* 2 Daniel's Chancery Practice, 1016; 1 Seton on Decrees, 346.
† Perine *v.* Dunn, 4 Johnson's Chancery, 140.
‡ Johnson *v.* Donnell, 15 Illinois, 97.
§ Collins *v.* Lofftus & Co., 10 Leigh, 5; Calvert on Parties, 121.