# COURT OF APPEALS.

JESSE N. BOLLES, receiver, &c., appellant, agt. John A. DUFF, *et al*, respondents.

An action by a general assignee of an insolvent debtor, to have declared, an assignment of a lease of real estate. absolute on its face, made by the debtor to the defendants, a mortgage, as security for money loaned to the debtor and to redeem the premises therefrom, and upon the trial the court decree that the assignment is a security in the nature of a mortgage, and that the plaintiff, on payment of a certain sum of money to the defendants within a certain time the defendants should reassign the lease, but in default of such payment within the time the plaintiff's complaint was to stand dismissed out of court, and the plaintiff, neglects to pay the money and does not in any respect, comply with the terms of the decree :—Such an action and decree is *no bar* to a subsequent action brought by a receiver in supplementary proceedings of the debtor, to reach his interest in the property leased and to get the benefit of the decree in the hands of an assignee, claiming as owner absolute by an assignment of the lease and the decree from the original defendant, with the consent of the plaintiff in the first suit.

The main purpose of the first suit was not merely to *redeem*, but to have the assignment of the lease adjudged to be merely a mortgage ; therefore, the failure of the plaintiff in that suit to pay the sum decreed to be due, within the time allowed, and a dismissal of the complaint, did not opperate as a strict foreclosure, and a forfeiture of the estate.

Besides, the time allowed to a party to pay the amount accrued to be due on a bill to redeem is usually six months ; in this case it was limited to two months, and to, pay the large sum of $26,240 97.

Again, if the claimant of the property as assignee of the original defendants, insists upon this forfeiture he must show that the decree clearly gives it to him; and it seems that there never was, in this case, any *final order* (on proof of the fact that there had been no payment,) that the complaint should stand dismissed. This final order is necessary in a strict foreclosure implied from a dismissal of a bill to redeem; until that order is obtained the records of the court do not show which party has finally obtained the judgment or who is the owner of the land ; and until that order is obtained the complainant may apply to have the time to pay the amount decreed to be due, extended.

*Argued, December*, 1870.

APPEAL from an order of the general term of the first district.

B. C. THAYER, *for appellant—Bolles.*

BROWN, HALL *and* VANDERPOEL, *and* JOHN GRAHAM,
*for respondent—Duff.*

*By the court,* PECKHAM, J.—On the 26th of July, 1856,
one Trimble assigned to Whitney & Earle, of New York
city, as security for a loan to him, a lease of certain lots
upon which he afterwards erected what was known as
Laura Keene's Theatre, costing about $50,000. Upon its
face the assignment was absolute. On the 7th of January,
1857, Trimble assigned said lease and all his other property
to one Roberts, in trust to pay debts, and if any surplus to
return it to Trimble.

In the spring of 1857, Roberts having first tendered to
Whitney & Earle some $36,000, in full for the money ad-
vanced on the security of the said lease, and demanded an
assignment thereof to him and surrender of the premises
leased, commenced an action against them to have said
assignment of the lease declared a mere security or mort-
gage for the money advanced thereon, and redeem the
premises therefrom. W. & E. denied that the assignment
was intended as a security, but insisted it was, and was in-
tended to be absolute, but asked for no foreclosure or other
affirmative relief. Such proceedings were had in that suit,
that upon the report of a referee as to the amount advanced
and unpaid, the supreme court on the 13th December,
1862, adjudged that the sum of $26,240 97, was due to
Whitney & Earle from Trimble, and that said assignment
of the lease was taken and held as a security therefor; that
upon payment thereof within two months from that date,
they should reassign the lease to Roberts, "but in default
of the plaintiff paying to the said defendant the afore-
said sum of $26,240 97, with interest from the 13th of
December, 1862, within the time aforesaid, it is ordered that
the said plaintiff's complaint be and do from thenceforth
stand dismissed out of this court."

On the 22d day of January, 1863, the defendant, Duff pro-

cured an assignment from Whitney & Earle with the written consent of Roberts, of all their rights under said lease and under said decree. Roberts did not pay the money specified in the decree. In the early part of July, 1863, the plaintiff in this suit, who had been appointed receiver in supplementary proceedings by certain creditors of Trimble, commenced this suit, to get the benefit of the decree made in the suit of Roberts against Whitney & Earle. This suit was commenced in behalf of the plaintiff and all other creditors of Trimble, and it alleges among other things in substance, that Roberts neglected to give the creditors of Trimble notice to aid him in complying with the decree, and wilfully and by collusion with Duff neglected and refused to pay it himself. The answer of Roberts does not deny the collusion or the wilful neglect, and refusal to redeem. The answer of Duff denies all collusion, and claims the poperty as his own. The cause was tried before Justice POTTER, who found the facts as to the lease, the advance by way of loan by Whitney & Earle upon the assignment thereof to them, the general assignment by Trimble to Roberts for the benefit of creditors. The action by Roberts against Whitney & Earle, the decree therein, and the assignment of that decree to Duff with the assent of Roberts as before stated, and with full knowledge by Duff of all the antecedent facts as to the nature of the assignment of the lease to Whitney & Earle, and its object.

That Roberts never offered the property at public or private sale, and did not notify the creditors of Trimble of the decree or its requirements, that he was insolvent, and though prior to the 22d January, 1863, (the date of the assignment to Duff,) he applied to several parties to take up said decree, yet it did not appear upon what terms, or for whose benefit.

That after that date, Roberts made no attempt to sell the property or to obtain its rents, or in any way to make it available to the creditors of Trimble, but tacitly consented

that Duff might keep the same as owner, and that Duff purchased said lease, &c., through a Mr. Kimball, as agent, who was also the attorney of Roberts and Trimble in that transaction, and the court decreed that the property in the hands of Duff, was liable for the claims of the creditors of Trimble, after satisfying the proper advances of Duff, and directed a reference to ascertain the amount of such advances. Upon appeal to the general term, this judgment was reversed by a majority of the court in the first district, and a new trial ordered upon the ground that the judgment in the suit of Roberts against Whitney and Earle was an absolute bar to this action. INGRAHAM, P. J , dissented.

Is that judgment a bar? I incline to think, it is not. It is settled in this state, that in an ordinary action for foreclosure and sale of the premises, the usual decree for that purpose is final so far at least as to be appealable to this court without waiting for the order confirming the report of sale. (*Morris* agt. *Morange*, 38 *N. Y.*, 172).

In England, a strict foreclosure was the usual remedy. The power to give possession to the purchaser on a foreclosure sale was doubted, but finally exercised by the court of chancery. (*See Kenshaw* agt. *Thompson*, 4 *Johns. Ch.*, 609, *and cases cited*). By our statute, the court was given power over the whole subject. Though the act was in a good degree declaratory. (2 *R. S.*, 1912). Strict foreclosures are now rarely pursued or allowed in this state, except in cases where a foreclosure has once been had and the premises sold, but some judgment creditor or person similarly situated not having been made a party, has a right to redeem, as to him a strict foreclosure is proper.

In general, a mere strict foreclosure is a severe remedy. It transfers the absolute title without any sale no matter what the value of the premises. The defense in this case claims, that the suit of *Roberts* agt. *Whitney & Earle*, was simply to redeem, and the failure to pay the sum decreed to be due within the time allowed, and the complaint being

dismissed, operated as a strict foreclosure, and the estate of the mortgagor was thereby forfeited. (*Perine* agt. *Dunn*, 4 *Johns. Ch.*, 140, *and cases there cited* ; *Beach* agt. *Cooke*, 28 *N. Y.*, 535 ; *Hansard* agt. *Hardy*, 18 *Vesey*, 460 ; *Wood* agt. *Sun*, 19 *Beav.*, 551). But the main purpose of that suit was not merely to redeem. The object was to have the assignment to Whitney & Earle, (which was absolute on its face,) adjudged to be in fact merely a mortgage. After a long litigation as to that point, the assignment was so held. The time allowed to a party to pay the amount accrued to be due on a bill to redeem, is usually six months. (*Perine* agt. *Dunn*, *supra* ; *Smith's Ch. Pr.*, 2d ed. *p.* 725.)

In the case at bar, but two months were allowed, though the case had been defended upon a false and unconscientious claim, and the amount to be paid was large. The court, in making that decree, did not, probably have their attention directed to its effect, in case the plaintiff should be unable to pay within the specified time, and though it specifies nothing as to its being or operating as a foreclosure, in case the plaintiff fail to pay, yet, it is in that respect in the usual form of decrees in such cases. (*Smith's Ch. Pr.*, 2d ed. *p.*, 725,) but if the defendent, Duff insists upon this forfeiture, he must show that the decree clearly gives it to him. It seems that there never was in this case, any final order obtained (upon proof of the fact that there had been no payment,) that the complaint should stand dismissed. The authorities in England are quite uniform, that this final order is necessary in a strict foreclosure, and that until that final order is obtained, the mortgage is not foreclosed, and no title passes to the mortgagee. (*2d Danl. Pl. & Pr.* 1205 ; *Sheriff* agt. *Sparks*, *West Rep.*, 130 ; *Thompson* agt. *Grant*, 4 *Inad.*, 232 ; *Faulkner* agt. *Bolton*, 7 *Simd.*, 319 ; 2 *Fisher on Mortg.* *p.* 1037 § 1881, *Smith's Ch. Pr.*, 725 ; *Hansard* agt. *Hardy*, 18 *Ves.*, 460 ; *Wood* agt. *Sun*, 19 *Beav*, 551). No case is cited in this state to the contrary

of this rule, but Chancellor KENT in *Perine* agt. *Dunn*, *(Supra, p.* 143,) seems to give it sanction. See his commetary there as to the case of *Jones* agt. *Hendrick*.

Without extending this rule beyond the cases to which it is now applied, I think, it sound in its application here—to a strict foreclosure implied from the dismissal of a bill to redeem, until that order be obtained, the records of the court do not show which party has finally obtained the judgment, or who is the owner of the land. Until that order is obtained, the complainant may apply to have the time to pay the amount decreed to be due, extended.

There are several objections as to the decisions of the court upon admitting or rejecting evidence. But this disposition of the case makes them immaterial. The action is properly instituted by this receiver, under the circumstances of this case, and I think, substantial justice is done by the decree. The main complaint of the defendant, Duff is, that he is not permitted to make a speculation at the expense of the creditors of Trimble, and perhaps of Trimble too, if the proceeds of the property should reach him. If Duff is in any degree right in his estimate of the value of the property, the question of Trimble's participation in any part of the proceeds of the property can never be a practical one. But no facts are found to exclude him.

. The order appealed from is reversed, and the judgment of the special term affirmed, with costs.