MURPHY *v.* THE NEW HAMPSHIRE SAVINGS BANK.

In a decree for the plaintiff on a bill for the redemption of land from a mortgage, a year from the date of the decree is the time ordinarily given for redemption.

BILL IN EQUITY, to redeem land from a mortgage.

*A. F. L. Norris* and *Bingham & Mitchell*, for the plaintiff.

*S. C. Eastman*, for the defendants.

ALLEN, J.   By agreement of the parties, there is to be a decree for the plaintiff; and the question is, What shall be the time of redemption, at the expiration of which, without payment of the debt, the mortgage will be foreclosed?   4 Kent Com. 136 ; Jones Mort. 1108, 1563, 1564, 1566 ; *Perine* v. *Dunn*, 4 Johns. Ch. 140 ; *Stevens* v. *Miner*, 110 Mass. 57.   By the rule in the English chancery court, six months are allowed *( Clark* v. *Reyburn*, 8 Wall. 318, 323, 324), and generally, in the absence of a statute upon the subject, a reasonable time, according to the circumstances and justice of the case, is given.   *Clark* v. *Reyburn, supra; M'Kinstry* v. *Mervin*, 3 Johns. Ch. 466 ; *Perine* v. *Dunn, supra;* Jones Mort. 1563.

By the statutes of this state (G. L., *c.* 136), the mortgage is decreed to be discharged on a petition brought within a year after performance of the condition, and the payment or tender of damages and costs, and refusal by the mortgagee (*ss.* 4, 5, 12), and the amount due upon the mortgage is determined, and redemption decreed, upon petition brought within a year after demand upon the mortgagee for an account, and his unreasonable refusal and neglect to make and deliver the same.   G. L., *ss.* 8, 9, 10, 12.   By *s.* 14 of the same chapter, the mortgagee in possession, by publishing notice that from a day named he will hold the possession for the purpose of foreclosing the right to redeem, and by retaining the actual, peaceable possession for a year from the day named, holds the estate barred against the right of redemption.   Although the statute gives the right of petition for an accounting, redemption, and decree of discharge after payment or tender, the equity jurisdiction of the court in matters relating to the foreclosure and redemption of mortgages remains, and questions touching these subjects can be determined by bill in chancery.   *Wendell* v. *New Hampshire Bank*, 9 N. H. 404, 415; *Bellows* v. *Stone*, 14 N. H. 175, 199.   If demand for an accounting be made within the year of possession, and be not reasonably complied with, or if payment or tender be made, and the mortgagee refuses to discharge the mortgage and yield the possession, the mortgagor or person having his right to redeem will be given his time in which to bring his petition or bill for that purpose.   *Wendell* v. *N. H. Bank, supra.* The defendant being in possession as mortgagee at the date of the decree for redemption, the reasons for a time certain in which the plaintiff may redeem or be forever foreclosed may be the same as those in the case of a mortgagee's published declaration that he holds possession from a day named for the purposes of foreclos-

ure, in which case redemption may be made within a year. In the case of the incumbrance of land by statutory liens in various ways, as in case of land sold for taxes, or taken upon execution, a year from the date of enforcing the lien is given for redemption. The legislature, having in so many ways recognized a year as a reasonable time for the redemption of land from sale or seizure made to satisfy an encumbrance, have established a rule that may be properly applied in other ordinary and analogous cases of redemption, and a year from the date of the decree is given in which the plaintiff may redeem the land from the mortgage.

*Case discharged.* ·

BINGHAM, J., did not sit: the others concurred.