LITTLE
ROCK,
Jan'y 1838.

McKEE *against* MURPHY.——HESTER *against* MURPHY.

ERROR *to Conway Circuit Court.*

McKEE  | 1 | 55
*vs.*     | 10 | 570
MURPHY.

HESTER
*vs.*
MURPHY,

If the original process before a Justice of the Peace is correct, it makes no difference on appeal whether it is regularly served or not.

If the defendant does not appear before the Justice and make his objection to the service, he admits the jurisdiction of the Justice and his right to try the cause.

The defendant having appealed to the Circuit Court, the plaintiff must be permitted to sustain his action on a new trial upon the merits.

Where a court has no jurisdiction of the case, there can be no judgment for costs.

In these cases the same judgment was given. In each the plaintiff in error brought his suit on a writing obligatory, before a Justice of Welborn township. The process was a summons directed to the Constable of the same township, who served the same personally on the defendant, in Cadron township, (all in Conway county,) in which latter township the defendant resided. There was no Justice or Constable in said township of Cadron, at the time of the commencement of the suit. The defendant suffered judgment by default to go against him before the Justice, and appealed to the Circuit Court. When the cause was called there, he moved the Circuit Court to dismiss the suit, on the ground that the Justice had no jurisdiction of the case; which motion the court sustained, and gave judgment for the defendant in error for costs.

TRAPNALL and COCKE, for the plaintiff in error, contended that the Circuit Court erred: 1st, In quashing the proceedings on the appellant's motion. The Justice had jurisdiction: the suits respectively were founded on writings obligatory for less than $100 each. If the Justice had not jurisdiction of defendant's person, because of his residence in a different township, the privilege was merely personal, and the defendant could only avail himself of it by appearing personally and pleading to the jurisdiction.

This he failed to do, and appealed to the Circuit Court. On the appeal that court had unquestionable jurisdiction of the cause and person, and was imperatively required by statute to try the cause on its merits. The acts on this subject are remedial, and should be liberally expounded, so as to obviate the evil and advance the remedy. One evil was, that in many townships no one could be found to act as

LITTLE ROCK,
Jan'y 1838.

McKEE
vs.
MURPHY.

HESTER
vs.
MURPHY.

justice or constable, and the administration of justice was thereby defeated. To remedy which the act of 1816, *New Digest*, p. 366, sec. 44, was passed. Another evil was, that upon appeals from Justices, suits were dismissed and proceedings quashed, by the Circuit Courts, for errors, omissions, and defects, in the proceedings before the Justice, insomuch that the administration of justice was thereby defeated, and the parties subjected to great delay, loss, and inconvenience; to remedy which, the act of 1831, *New Digest*, p. 374, sec. 57, was passed.

2d, If the Justice had exceeded his jurisdiction, the defendant might, in addition to his remedy by plea to the jurisdiction, have obtained redress by writ of prohibition, which was his only remedy after judgment given. The authorities on this point are full and conclusive; and in a proper case the writ may be obtained either before or after judgment. See 7 vol. *Comyn's Digest*, page 137, *title prohibition*. By the appeal, the defendant waived all objection to the jurisdiction, and could not be heard to question (in such a case as this) the jurisdiction of the tribunal to which he had himself resorted. In cases where the court has not jurisdiction of the subject matter, no waiver or failure to plead, or even consent of the parties, could give jurisdiction; but it is othewise where it has cognizance of the subject matter, although the defendant may claim the right of being sued in some other court or place. This distinction is well sustained by authority. Its application to these cases is direct, and absolves them from all difficulty.

3d. Again, if the court had no jurisdiction, it could simply dismiss the suits, or strike them from the docket, without giving any judgment for the costs. This principle is fully sustained both by reason and authority: yet in these cases the court adjudicated costs against the plaintiff, which was most certainly erroneous.

LIST OF AUTHORITIES.—1. To show Justice's jurisdiction: See *New Digest*, p. 366, sec. 44; 374, sec. 57.

2. To show how and when advantage of want of jurisdiction may or must be taken: See *Chitty, Jurisdiction*, 384.

3. To show that it was too late to object to it on defendant's appeal: See *Comyn's Digest*, vol. 7, p. 148; and 3d *Littell's Rep.* 444; and 1st *Pirtles Digest*, 24, 7; *Monroe*, 228.

4. To show that if court had no jurisdiction, costs could not be

adjudged: See *Skillern's Exr's.* vs. *May's Exr's.*, 2 Peters' *Con. Rep.* p. 367; *Montalet* vs. *Murray*, p. 19, *same book.*

5. To show writ of prohibition was proper remedy: See *Comyn's Digest*, 7th vol. p. 137, title *Prohibition.*

HALL, *contra*; insisted that the service of process in Cadron township was absolutely void, being beyond the bounds of the Justice's jurisdiction; and cited *Ark's Digest*, p. 355; and the case of *Ledbetter* vs. *Kendall*, decided in the late Superior Court of the Territory of Arkansas.*

DICKINSON, *Judge*, delivered the following opinion in each case: This action was founded on a writing obligatory, and commenced before a Justice of Welborn township. The process was directed to the Constable of the same township, by whom there was a personal service in the adjoining one where the defendant resided; and on the day of trial, a judgment was entered against him by default, from which he appealed to the Circuit Court. When the case was called, the defendant moved to dismiss, on the ground that the Justice had no jurisdiction of the case, the defendant, *Murphy*, being a resident of a different township from the one in which the Justice resided; which motion was sustained by the court, the case dismissed, and judgment entered against the plaintiff for the costs, as well in the Circuit Court as in the Court below, as appears by the bill of exceptions filed; and the plaintiff now brings his writ of error to reverse the judgment. Several objections are raised to the proceedings in this case. The first which we deem material to be noticed, questions the propriety of sustaining the motion to dismiss. The decision of the Circuit Court appears to be predicated upon the ground that they had a right to look into the proceedings of the Justice, and if there was any irregularity, to quash them and dismiss the case. Is this position sustained by the statute? In 1814, the Legislature authorized an appeal from the judgment of a Justice in all cases within his jurisdiction, (except when the judgment had been entered by default or nonsuit,) and that it should be tried and determined in the Circuit Court, in its order, like other cases where the parties are considered in Court the first term. In 1831, the act was passed which extended the right of appeal to all cases, but expressly provides that it shall be tried on *its*

*merits,* without regard to any irregularity or want of form in the trial or proceedings of the Justice.   See *Digest* 373–45.   To give these provisions effect, if the original process is correct, it makes no difference whether it is regularly served or not.   The defendant, *Murphy,* by not availing himself of his defence, if he had any, before the Justice, at the proper time, admitted his jurisdiction and right to try the case.   He appealed, as he was authorized to do, to a court competent to decide on the matter in controversy.   If the party who was successful before the Justice, was prepared to sustain his action on a new trial upon the merits before the Circuit Court, he must be permitted to do so: the defendant can there make his defence if he has any.   The second objection, that the court erred in giving judgment for costs, must also be sustained; for if they had no jurisdiction of the case, there could be no judgment for the costs.

The judgment of the Circuit Court must therefore be reversed and set aside, with costs, and this case remanded for proceedings to be had not inconsistent with this opinion.