LITTLE
ROCK.
Jan'y 1839

CYRUS T. SMITH *against* WILLIAM K. STINNETT.

SMITH
*vs.*
STINNETT

ERROR *to Pope Circuit Court.*

Under the Territorial law, the prayer and grant of an appeal from the decision of a justice to the Circuit Court, conferred jurisdiction on the Circuit Court; and the jurisdiction did not depend upon the giving of bail in appeal, or the sufficiency of the bail given.

Where no special bail was given before the justice, or where such bail, being insufficient, is not perfected in the Circuit Court, the appeal will be dismissed, but not on the ground of want of jurisdiction.

This however is an objection which it rests with the appellee to make, and if he goes to trial in the Circuit Court, or takes judgment by default without making, he waives it, as expressly as if he had placed his waiver on the record.

If he does so waive it, the appellant cannot assign for error here that there was no special bail, and that the Circuit Court had no jurisdiction. He cannot take advantage of his own wrong.

Where a party appeals from a judgment of a justice, and afterwards brings his writ of error, he cannot assign for error any defect in the justice's writ, or the service thereof; or his non-appearance before the justice. By appealing, he makes himself a party to the proceedings, and must rest on such defence as he may lawfully make upon the merits.

And if the appellant fails to file in the Circuit Court a transcript of the justice's proceedings, or take steps to cause it to be filed, it is his own fault.

An order to set aside a final judgment by default, made at a term subsequent to the one at which such judgment is rendered, is wholly illegal; and no fact stated in such an order can be noticed in this court.

If it is stated in such an order, that no transcript of the justices' proceedings was filed in the Circuit Court; and if a transcript comes up to this court, though not certified by any authorized officer, but which is referred to in the assignment of errors, and not denied to be a correct transcript, this court will presume that such transcript *was* on file in the court below.

Where there were two defendants in the justice's court, and one only appealed, and judgment in the Circuit Court was rendered against "the said defendant," it will be considered as rendered against the appellant alone.

CUMMINS & PIKE, for the plaintiff in error.

TRAPNALL & COCKE, *contra.*

RINGO, *Chief Justice*, delivered the opinion of the court:

This was an action originally commenced before a justice of the peace in the name of *King Stinnett* against *Cyrus T. Smith* and *W. W. Rankin.* The summons was dated on the third and returnable on the 10th day of March, 1836—the service on the defendant was clearly insufficient, but a judgment was given by a justice of the peace in favor of *King Stinnett* against the defendant on the 9th day of March, 1836—without any appearance having been entered by them; from which the defendant *Smith* prayed an appeal, and an entry was thereupon made by the justice of the peace on his docket, as follows: "On this day came the defendant, and prays an appeal from

Dd

LITTLE
ROCK,
Jan'y 1839

SMITH
vs.
STINNETT

the judgment of John M. Carley, justice of the peace, to the Circuit Court of Pope county, Illinois township. It is therefore granted this 2nd day of April, 1836.

CYRUS T. SMITH,
JOHN B. S. EWING. ·

"Witness,

"JOHN M. CARLEY, J. P."

The court, at the September term, 1837, affirmed the justice's judgment, and entered up final judgment by default, in favor of *W. K. Stinnett*, against the defendant; and at the March term, 1838, on the motion of *Smith*, the appellant ordered the clerk of said court, (into whose office the docket and papers of the said justice of the peace were then filed, he having resigned his office and removed out of the State,) to certify to the court at the next term, a transcript of the proceedings had in this case before the justice of the peace. At the September term, 1838, the record names the parties thus: "*William K. Stinnett, appellee*, vs. *Cyrus T. Smith, appellant,*" and states that the parties appeared by their attornies, and on the plaintiff's motion the order made at the last term was set aside, and a judgment entered, "that the judgment in this case, rendered at the September term of this court, A. D. 1837, be, and remain in full force and virtue, and that the plaintiff have execution thereof, and have and recover of and from the defendant all costs in and about this motion and the order made at the last term of this court, laid out and expended, and the defendant in mercy," &c.

To reverse the judgment against him, *Smith* prosecutes this writ of error and assigns for error several matters, all of which will be noticed. The fifth error assigned questions and denies the jurisdiction of the Circuit Court, on the ground that no appeal was ever prayed for or taken by *Smith*, or allowed by the justice, according to law. That the whole of the proceedings in this case have been very irregular, is manifest. The summons is not in the form prescribed by the Statute; the service of it upon the defendants is invalid, and never imposed upon them any legal obligation to appear to the action, or authorized the plaintiff to take or the justice to give judgment against them by default. The summons was returnable on the tenth, and the judgment was given on the ninth day of March, 1836, without any appearance by either of the defendants, and was therefore incapable of being legally enforced against them, and must regularly have been

LITTLE ROCK, Jan'y 1839.

SMITH
vs.
STINNETT

superseded, or the execution thereof prohibited, upon a proper application made for that purpose. Yet it was a decision of a justice of the peace made in a case within his jurisdiction, and by the provisions of the act approved November 3, 1830, *Ark. Dig. p.* 374, *sec.* 57, either party had a legal right to appeal therefrom, within thirty days after the rendition of the judgment, to the next Circuit Court of the county where the judgment was rendered, and *Smith* appears to have availed himself of this right; for the record shows that he prayed an appeal, which was granted within thirty days next after the judgment was given; but that he wholly failed to give special bail for the faithful prosecution of his appeal, and the payment of the costs and condemnation of the Circuit Court, as is required by the Statute; and therefore his appeal might have been dismissed on the motion of *Stinnett*, but he appears to have adopted a different course, and by appearing in the Circuit Court, and there proceeding in the cause, to have waived every objection which he was at liberty to have taken to the appeal, so far as it was in his power to waive them; and this presents the single question, whether the Circuit Court acquired jurisdiction of the case upon the appeal of *Smith* alone, without his giving any special bail, as is required by the Statute. For if the court could legally exercise jurisdiction over the case, *Smith* cannot be permitted to urge any objection to the irregularity of his own appeal, or his own omission to give the security required by law, which is intended and required solely for the benefit and safety of the opposite party, and could not by possibility prejudice the right of the appellant. Consequently, to permit him to have any advantage therefrom, when the objection has been waived by his adversary, and he has recovered every benefit which he could derive from an appeal regularly taken and perfected, would be to violate one of the most familiar and statutary principles of law—that no one shall take advantage of his own wrong. The case must therefore be regarded now in the same light as it would be if the appellee had in the first instance expressly waived his right to the security of special bail, guaranteed to him by law, and entered his consent on the record, that the appeal should be prosecuted without it; in which case we apprehend the Circuit Court would, by the prayer for and grant of the appeal, obtain jurisdiction of the case, and the appellee would be estopped by his consent appearing of record, from objecting that special bail had not been given as required by law, and this would, in our opinion, be the result, nothwithstanding the law

LITTLE
ROCK,
Jan'y 1839

SMITH
vs,
STINNETT imperatively enjoins it upon the appellant to give special bail, and pre-scribes the manner of taking it; for the same Statute also contains the provision, and should any exceptions be taken to the acknowledgment of special bail for said appeal, said appellant may perfect the same in the Circuit Court, showing clearly that the jurisdiction of the Circuit Court does not depend upon the fact of special bail having been given; but upon the fact of the appeal having been prayed for and granted, within the time prescribed by the Statute, which is believed to be all that is required by law to give the court jurisdiction of the case, although it is not enough to entitle the appellant to a trial on the merits of his case in the Circuit Court, when the appellee objects to it on that ground. And when the bail is insufficient the appellant may perfect it in the Circuit Court, and thereby entitle himself to a trial on the merits, notwithstanding the objection; but when special bail is not given at all before the justice, as in this case, or where it is insufficient and is not perfected in the Circuit Court, the objection must prevail, and the appeal be dismissed, not on the ground that the court has not jurisdiction of the case, but because the appellant has failed to com-ply with the terms imposed upon him by law, to the prejudice of his adversary, who insists upon his legal right to have the decision of the jury, or the judgment of the justice, stand as final, and not to be vex-ed and harrassed with another trial, when the party demanding it, is not legally entitled to have it. We are therefore satisfied that the Circuit Court had jurisdiction of the case, and that the plaintiff in error, who was the appellant, cannot avail himself of any irregularity or omission of his own, in taking the appeal, and bringing the case before the Circuit Court.

The first assignment of error assumes that the Circuit Court gave judgment by default against the defendant, when no transcript of the proceedings and judgment of the justice had been certified to or filed in court; and the second, third, and fourth assignments question the judgment on the ground of the insufficiency of the original summons, and the service thereof and the non-appearance of the defendants before the justice of the peace. Upon the principle settled, and uni-formly observed and acted upon by this court, the plaintiff in error, by taking the appeal from the justice's judgment, voluntarily made him-self a party to the proceedings against him, and thereby precluded himself from taking any objection to them, either on the ground of any defect in the writ or the service thereof, or his non-appearance before

the justice of the peace, and rested his case, as he was then bound to do, upon such defence as he might lawfully make, on the trial of the case on its merits before the Circuit Court; and if he afterwards failed to obtain and file in the Circuit Court a transcript of the proceedings before the justice, or to take such measures as the law prescribed to cause the same to be certified and filed, then it was his own fault. But there is nothing in the record, as certified here, showing the fact that no transcript of the justice's proceedings and judgment was certified and filed when the final judgment by default was given against the defendant.   This fact is stated in an order of the court, entered at a subsequent term, when the case was not in court, and the parties had no day therein, and the court itself had no control over the record of the previous term, or of the judgment entered thereat; nor does it appear that *Stinnett* had any notice of the motion, or was in court when the entry, stating this fact, was made.   And it appears that the court, at the next succeeding term, directed the order reciting that fact, to be set aside on the motion of *Stinnett;* but upon what ground it was ordered to be set aside, the record is silent: nor is it deemed at all material to know, because all these proceedings had in the case after the term at which the final judgment was given, are clearly illegal, and cannot be regarded as having any influence upon the final judgment, previously made, either to uphold, or to overthrow it.   It must be considered as standing wholly independent of them.   And the transcript certified upon the writ of error contains a copy of the proceedings and judgment of the justice, without any certificate of the justice, or any other officer, or any statement of the time when they were filed in the Circuit Court.   No exception has been taken to this transcript by either party—no diminution has been suggested, and the plaintiff in error, by assigning for error matters which only appear in the proceedings before the justice, as contained in the transcript of the record, expressly recognizes them as composing a part of the record in this case; and, therefore, as it does not affirmatively appear that they were not on file, when the judgment by default was entered against the defendant, we are, in support of the judgment, bound to presume that they were on file in the Circuit Court when the judgment was given.  *Smith* alone took the appeal, and brought the case before the Circuit Court, and as *Rankin* never was served with process to appear, and never did in fact appear to the action, or in any manner make himself a party thereto, so that he is in law bound by the pro-

ceedings. *Smith* must in law be alone regarded as the appellant and defendant in the Circuit Court; and when the record says this day " came the plaintiff, by Martin his attorney, and the defendant, although solemnly called, came not, but made default," it must be understood as referring only to the parties legally before the court; and also when it states, " that the plaintiff have and recover of and from the said defendant, the sum of," &c. the operation thereof must upon the like reason be limited to the same parties: there being no other legally before the court, and the judgment be regarded as being in favor of *Stinnett* as the plaintiff, and against *Smith* only as the defendant. The same rule has been established and acted on in Kentucky and Virginia. See 2 *Bibb,* 388; *Morgan's executors, &c.* vs. *Morgan,* and 4 *Hen. & Munf.* 293.

Wherefore, we are of opinion that there is no error in the judgment of the Circuit Court, given in favor of *Stinnett,* against *Smith,* the plaintiff in error, at the September term, 1837, of which he has any legal right to complain; and that the said judgment ought to be and is hereby affirmed with costs;—but inasmuch as the Circuit Court had no jurisdiction of the case when the judgment entered at the September term, 1838, was given, the judgment then given must for that reason alone be and the same is hereby reversed.