BALL *against* KUYKENDALL.

ERROR *to the Crawford Circuit Court.*

When the Legislature authorized an appeal from the decision before a Justice of the Peace, they intended merely to give to the party appealing, an opportunity of again bringing before another court and jury the matter in controversy, and to have the the same again tried and determined on its merits.

The defendant before a Justice, by appealing, precludes himself from taking advantage of any irregularity in the proceedings before the Justice; and must rely alone on his defence to the merits.

He cannot, therefore, in the Circuit Court, plead in abatement the misnomer of the plaintiff.

This was an action originally instituted before a Justice of the Peace, and founded on a writing obligatory. The process was served on Kuykendall alone, against whom judgment was entered by default, and from which he took an appeal to the September term of the Circuit Court. At which time, as is stated by the record, he filed a plea in abatement, alleging that the plaintiff, who had sued by name of B. B. Ball, " was, when the suit was commenced, called and known by the name of Bennett B. Ball, and not B. B. Ball." The plaintiff in error moved to strike out this plea, but was overruled by the court. The plea was sustained, the suit ordered to be abated, and judgment was thereupon entered in favor of the defendant for the costs.

TURNER, for plaintiff in error:

It is conceived that the court below erred in overruling the motion to strike out said plea in abatement, and in giving judgment for the defendant, because the said defendant, Kuykendall, by appealing to the Circuit Court of Crawford county, made himself a party to the proceedings, and was bound to rest on such defence as he might lawfully have made to the *merits* of the action, and could not avail himself of any errors or defects in the Justice's writ or service thereof. *Smith vs. Stinnett*, 1 *Ark. Rep. p.* 497; *Pinxley vs. Winchell*, 7 *Cow. page* 366.

The statute is express and imperative in *requiring* that appeals from the decisions of Justices of the Peace shall be tried by the Circuit Courts anew, and upon their *merits*, without regard to any error, defect, or other imperfection in the proceedings of the Justice. But the plea in *abatement* was not a plea to the merits of the action, and was therefore impertinent and inadmissible.

The statute gives the parties a trial *de novo* upon the merits of the action. Its object was to discourage frivolous and technical objections to proceedings had before Justices of the Peace, which but too often defeated the ends of justice, produced delay, and entailed much expense upon litigants.

If the plea in abatement was at all admissible in this case, it should have been pleaded in the Justices Court. After the *appearance* of the defendant it was too late to avail himself of such defence. See Revised Statutes, p. 516, Title Justices of the Peace, sec. 177.

DICKINSON, *Judge*, delivered the opinion of the court:

That the defendant had a right to appeal and was regularly in the in the Circuit Court is not controverted. The *Rev. Ark. Stat.*, *sec.* 172, *p.* 515, declares " that no appeal shall be allowed unless the applicant, or some other person for him, shall make and file with the Justice an affidavit that the appeal is not taken for the purpose of delay, but that justice may be done, and section 176 requires the court to " hear, try, and determine the same anew, on its merits, without regard to any error, defect, or other imperfection in the proceedings of the Justice."

All pleas in abatement (unless to the jurisdiction of the court, or where the truth of such plea appears of record) must be sworn to before they can be admitted or received by any court in this State. See *Rev. Ark. Stat. p.* 57, *sec.* 1. Whether the plea, in this instance, conformed to the statute or not, this court cannot determine, as it is not spread out.

We cannot however discover upon what ground the defendant in error could base an argument in support of such a defence as he has put in; for it is evident that the Legislature when they authorized a party to appeal from the decision of a Justice of the Peace, intended

Ball *against* Kuykendall.

merely to give him an opportunity of again bringing before another court and jury the matter in controversy, and to have the same again tried and determined upon its merits, and this is made more manifest from the affidavit required, that " the appeal is not taken for the purpose of delay, but that justice may be done." In this instance, he interposes a plea which has no relation to the merits of the cause, but calculated alone to delay its final termination—a plea which goes not to the cause of action, but questions the propriety of the suit, or the mode of bringing it, leaving the merits or rights of action wholly undetermined. Such pleas are considered odious to the law, or at least not favored. It is clear to us that the defendant, by his appeal, has precluded himself from taking advantage of any irregularity in the proceedings before the Justice, and must rely alone upon such defence as he may have to the cause of action upon which the suit is founded. The same principle was established in the case of *McKee vs. Murphy*, 1 *Ark. Rep. p.* 55; and *Smith vs. Stinnett, ib.*, 497; and is considered too well established to require further argument.

The judgment of the Circuit Court in sustaining the plea in abatement must therefore be reversed and set aside with costs, and this case remanded to the court from whence it came, for further proceedings to be had therein not inconsistent with this opinion.