### KENT & CAHOON, Appellants, *v.* LAFFAN, Respondents.

Under the 229th section of the Practice Act, a subsequent judgment creditor having a lien, has a right to redeem real estate, sold by foreclosure of a previous mortgage, in the hands of the purchaser.

This statute is remedial, and should be beneficially construed.

APPEAL from the Superior Court of San Francisco.

The plaintiffs held the mortgage of defendant, dated October, 1851, which they foreclosed in the said Court; at the sheriff's sale of the mortgaged premises, plaintiffs become the purchasers, and the sheriff gave a certificate of sale, in the first place, to the purchasers, and within a few days after, delivered to them an absolute deed for the same premises; which the purchasers subsequently conveyed to one Isaac E. Holms.   Henry A. Becket, the holder of a judgment, subsequent in date to the mortgage, claimed the right of redemption, and for that purpose moved the Court for an order on the sheriff, to deliver to the purchaser a certificate of sale, and to have the absolute deed cancelled.   The question was argued June 23rd, 1852.   On the 14th July, 1852, the Court denied the motion, and this appeal was taken.

*McAllister,* for appellant, distinguished between the statute of

New York and that of California; the former treats exclusively of writs of fi. fa. and other executions known to the common law, and does not extend to sales of property by foreclosure, under mortgage. The 229th section of the act "to regulate proceedings in civil cases," expressly provides, that upon a sale of real property, when the estate is less than a leasehold, &c., the sale shall be absolute. *In all other cases* the real property shall be subject to redemption, &c. And this is said in the same act that treats of the foreclosure of mortgages.

The mortgage was made subsequent to the redemption act, and is therefore within it; and the case of Brown *v.* Kenzie, et al., does not apply.

HEYDENFELDT, Justice, delivered the opinion of the Court, MURRAY, C. J., concurred.

Section 229, of the Practice Act, declares, "upon a sale of real property, when the estate is less than a leasehold of two years unexpired term, the sale shall be absolute. In all other cases, the real property shall be subject to redemption, as provided in this chapter."

I think the language of this act is sufficiently comprehensive to include within its design, sales of real estate under decrees of foreclosure of mortgages; a contrary doctrine might be held by ingenious and technical construction of that portion of the act which regulates executions upon judgments. But in all such cases I consider it safest to look to the obvious policy of the law, and to maintain such policy against a mere hesitation, caused by the inapt language of the act. This is also the application of the common law principle, which declares, that remedial statutes shall be beneficially construed.

The order of the Superior Court is reversed, with costs, and the cause remanded.