## SYKES v. LAFERRY.

Where a justice of the peace has jurisdiction of the subject-matter of a suit, and the defendant appears, has the benefit of a trial on the merits, and prosecutes an appeal, he could not be heard to say there was no jurisdiction of his person.

*Error to Johnson Circuit Court.*

Hon. THOMAS BOLES, Circuit Judge.

CRAVENS, for plaintiff.

The defendant made himself a party to the cause by appearing and contesting the case and appealing; and will not now be heard to say that the court had no jurisdiction of his person. *1 Ark., 55; 4 Ark., 70; 14 Ark., 286.*

COMPTON, J.

This was a suit commenced by the plaintiff in error—who was also plaintiff below—before a justice of the peace, on a promissory note for the sum of thirty dollars. The note was filed with the justice, and a summons was issued and served on the defendant, who appeared; the cause was tried on its merits, and judgment rendered against the defendant, who appealed to the circuit court, where—the record states—the "cause was, upon motion of the defendant, dismissed for want of jurisdiction, and the proceedings before the justice of the peace quashed," &c.

The ground of the motion to dismiss, as stated in argument, was, that the defendant resided in a township other than that in which he was sued. It does not so appear in the record; but if it did, it could make no difference, because there was, undoubtedly, jurisdiction of the subject-matter; and after the

defendant had appeared before the justice of the peace, had the benefit of the trial on the .merits, and had prosecuted an appeal to the circuit court, he could not then be heard to say there was no jurisdiction of his person.   *McKee* v. *Murphy*, *1 Ark.*, *55; Smith* v. *Stinnett*, *id.*, *497.*   The motion to dismiss ought to have been overruled, and the case should have been tried on its merits.

Judgment reversed and cause remanded.