## LAWSON A. WINSLOW

*v.*

## A. F. BENEDICT.

EXEMPTION—*of wages from garnishment.* The wages of a party, to the extent of $25, are exempt from garnishment, under the statute of 1872, where he is the head of a family, and residing with the same in this State, even though he may intend to remove out of the State.

APPEAL from the Court of Common Pleas of the City of Aurora; the Hon. RICHARD G. MONTONY, Judge, presiding.

Mr. M. O. SOUTHWORTH, for the appellant.

Mr. FRANK M. ANNIS, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

A writ of attachment was sued out of the office of a justice of the peace of Kane county, by Winslow, appellant, against one Daniel Kipp, claiming thirty-five dollars for medical services rendered by Winslow to Kipp. Judgment was rendered against Kipp for this amount. Simultaneously, process of garnishment was served on Benedict, alleged to be a debtor of Kipp, who appeared and acknowledged he was indebted to Kipp in the sum of twenty-five dollars and fifty cents, as wages for his work and services as a journeyman painter. Kipp claimed that twenty-five dollars of this amount was exempt from garnishment, by the act of 1872 in regard to gar-

nishment. The justice allowed this defense, and rendered judgment against Benedict, the garnishee, for fifty cents. On appeal to the Court of Common Pleas of the City of Aurora, by the plaintiff, it was then agreed, by the parties, that Kipp was the head of a family, and residing with it, at the time the writ of attachment and garnishee process was sued out, and the court gave judgment for fifty cents, the excess over and above the amount claimed to be exempt.

To reverse this judgment, the plaintiff appeals to this court.

This case is too plain for argument. Section 14 of the act in regard to garnishment, Laws of 1872, p. 465, is as follows: "The wages and services of a defendant, being the head of a family, and residing with the same, to an amount not exceeding twenty-five dollars, shall be exempt from garnishment. In case the wages or services of such defendant, in the hands of a garnishee, shall exceed twenty-five dollars, judgment shall be given only for the balance above that amount."

Though the defendant in the attachment may have intended to remove out of the State, still, whilst here, residing with his family, he was entitled to the benefit of this section of the statute. There are no limitations or qualifications in the statute and we can not add them.

The judgment is affirmed.

*Judgment affirmed.*