## TOWNSEND v. TIMMONS—*Two Cases.*

1. JUSTICE OF THE PEACE: *Jurisdiction.*

   Where the record from a justice of the peace shows that the action was upon a contract for an amount within his jurisdiction, and that the parties appeared and submitted to a regular trial, it sufficiently shows jurisdiction.

2. APPEAL FROM JUSTICE OF PEACE: *What necessary for.*

   An appeal from a justice of the peace is a matter of right, and all that is necessary to obtain an appeal is for the appellant to file the affidavit required by the statute.

3. PRACTICE: *Ruling on motions: Bill of exceptions.*

   The rulings of the Circuit Courts upon motions upon oral evidence will be presumed correct where there is no bill of exceptions showing the evidence adduced upon the motion.

APPEAL from *Perry* Circuit Court.

Hon. J. B. WOOD, Circuit Judge.

*G. B. Denison* for appellant.

1. The transcript fails to show that the justice had jurisdiction. That must affirmatively appear.

2. There was no affidavit or prayer for appeal, or order of the justice granting it. (*Gantt's Dig., sec. 3823.*) The Circuit Court should have required the justice to appear and show whether an appeal was allowed or not.

*J. F. Sellers* for appellee.

1. The record shows that the action was upon contract within the jurisdiction of the justice and the voluntary appearance of the defendants. This settles the question of jurisdiction.

2. The law was substantially complied with in taking the appeal; the affidavit is shown by the certificate of the

justice to have been made and filed on the day of trial. *Gantt's Dig.*, sec. *4141.*

COCKRILL, C. J.   It is urged that the Circuit Court failed to acquire jurisdiction in these cases because, first, the justice of the peace who rendered the judgments had no jurisdiction; and, second, the justice failed to note upon his record the grant of an appeal in either case. <span style="font-size:smaller">1. Jurisdiction of justice of peace.</span>

It is a sufficient answer to the first objection to say, the records disclose that the actions were upon contracts in amounts within the justice's jurisdiction, and that the parties appeared before him and submitted to a regular trial.   This was all that was necessary to confer jurisdiction.

As to the second point, it appears that an affidavit for appeal was made in each case on the day the judgments were rendered.   The statute makes it explicit that an appeal shall not be dismissed for omissions or informalities in the justice's docket.   *Mans. Rev. St.*, sec. *4142.*

The counsel for the appellant says it was the duty of the court to send for the justice and have him amend his record or ascertain from him whether an appeal was actually granted or not.   An appeal from a justice of peace is a matter of right, and all that is required of the party desiring to prosecute an appeal from a justice's judgment is to file with him the affidavit required by the statute.   If we should admit, however, the correctness of appellant's position it would not relieve the situation.   The judgments in the Circuit Court were by default.   Motions to set them aside were made upon the grounds stated.   The orders overruling them show that oral testimony was adduced upon the hearing of the motions.   No bill of exceptions was taken, and the presumption must be indulged <span style="font-size:smaller">2. Appeal from justice peace.</span> <span style="font-size:smaller">3. Ruling on motions Bill of exceptions.</span>

that the supposed defect was cured by the proper proof at the hearing.

Our attention is called to the fact that there were other grounds alleged in the motions to set aside the judgments, and that proof was taken to sustain at least one of them. But the appellant has not seen fit to bring either the motion or the proof upon the record by bill of exceptions, and there is no other question before us.

Affirm.