FARMERS' NAT. BANK OF VINITA v. FIRST NAT. BANK OF PRYOR
CREEK.

No. 158.    Opinion Filed July 13, 1909.

(103 Pac. 685.)

APPEARANCE—Entry—Effect—Waiver of Objections. An action was
tried and submitted on the 12th day of March, A .D., 1906, before
the United States commissioner, sitting as a justice of the peace,
at Vinita; but judgment was not rendered and entered until the
2nd day of May, A. D., 1907, counsel for the respective parties
from time to time urging said commissioner to render and enter
his judgment in said cause. After said judgment had been ren-
dered and entered, the party against whom it was so entered
(plaintiff in error here) filed affidavit for appeal, and super-
seded the judgment, and caused the commissioner to transmit the
transcript to the clerk of the United States Court at Vinita, but
failed to have said appeal docketed. On the 15th day of Novem-
ber, A. D., 1907, said appeal was docketed by the party in whose
favor judgment was rendered in the commissioner's court (de-
fendant in error here), and on its motion said judgment was
affirmed and judgment then and there rendered against the de-
fendant (plaintiff in error here). Held that, by appearing and
filing affidavit for appeal and superseding the judgment of the
commissioner, the plaintiff in error thereby entered its appear-
ance and made itself a party to the proceeding, and could not
thereafter be heard to complain of the jurisdiction of the com-
missioner over such party.

(a) Quaere: As to whether or not section 2753, Ind. T. Ann. St.
1899 (Mansf. Dig. sec. 4073; Sand. & H. Dig. sec. 4369; Gantt's
Dig. sec. 3763; Kirby's Dig. sec. 4604), is mandatory, not deter-
mined; but when the commissioner, sitting as a justice of the
peace, has jurisdiction of the subject-matter, he may render and
enter judgment after the expiration of three days from the date
the cause is submitted, by agreement of the parties thereto.

(Syllabus by the Court.)

*Error from District Court, Craig County; T. L. Brown, Judge.*

Action by the First National Bank of Pryor Creek against
the Farmers'· National Bank of Vinita. Judgment for plaintiff,
and defendant brings error. Affirmed.

This action, the United States commissioner's court having
jurisdiction both of the subject-matter and of the parties, was

tried before him at Vinita, in the Northern district of the Indian Territory, without the intervention of a jury, both parties being present by their attorneys, on March 12, 1906; but no judgment was rendered and entered upon the docket within three days after the same was tried and submitted. Each party from time to time urged said commissioner to render judgment in said case; but he failed and refused to do so before May 2, 1907, at which time he rendered a judgment in part as follows :

"It is therefore considered, ordered, and adjudged by the court that the plaintiff do have and recover of and from the defendant the sum of $75 and its costs herein expended taxed at $7.88, that this judgment bear 6 per cent. per annum, and that execution issue in favor of the plaintiff."

On May 5, 1907, the defendant took an appeal from said judgment, by filing with said commissioner its affidavit therefor and having an appeal allowed, and a transcript of the proceedings of the commissioner was regularly forwarded to the United States Court at Vinita; but defendant failed to have the same docketed, and the cause was docketed by the plaintiff, who prayed for a confirmation of the commissioner's judgment, which was allowed, and the judgment of the commissioner's court was confirmed, and on November 15, 1907, the judgment was rendered against the defendant, the Farmers' National Bank of Vinita, in the sum of $75, with interest at the rate of 6 per cent. per annum, and costs. On the same day the defendant filed a motion to vacate and set aside said judgment, for the reason that the commissioner's judgment was void for want of jurisdiction. On December 17, 1907, the district court of Craig county, as successor to the United States Court for the Northern District of the Indian Territory at Vinita, overruled said motion. The record recites:

"It being agreed that this cause might be heard, and said parties announcing themselves ready upon the motion of the defendant to vacate an affirmed judgment of the United States Commissioner's Court in and for the Northern District of the Indian Territory, said cause coming to this court by agreement of the parties, the court heard the argument of the counsel upon the

motion and affidavit of the defendant to vacate said judgment. The court finds that said cause was tried on the 12th day of March, 1906, before the United States commissioner, and a final judgment thereon was not rendered until the 2d day of May, 1907. The court further finds from the statements of the counsel of the respective parties: That each counsel from time to time urged said commissioner to render his judgment in said cause, and that each counsel for parties herein by their acts have waived any irregularities in the findings of the court; that after said judgment had been rendered by said commissioner, the moving party herein filed his affidavit for appeal to this court; and that said cause was docketed by the plaintiff herein. The court further finds that said judgment was not rendered within three days as is required under the statute. The court finds as a matter of law that the statute requiring justices of the peace to render judgment within three days is directory rather than mandatory, and that each party by their acts waived any irregularity, and that said judgment, when rendered, was valid and binding."

*Geo. E. McCulloch,* for plaintiff in error, citing: *Fox v. Meachem,* 6 Neb. 531; *Harrison v. Soger,* 27 Mich. 475; *Tomlinson v. Leitz* (Iowa) 31 Am. St. Rep. 458; *Drake v. Bagley,* 69 Mo. App. 39; 24 Cyc. 489, 530.

*J. H. Langley,* for defendant in error, citing: 12 Enc. Pl. & Pr. 126; *Fulton v. State,* 103 Wis. 238; *Ball v. Kuykendall,* 1 Ark. 195; *Sykes v. Laferty,* 25 Ark. 99; *Railroad Co. v. Summers,* 45 Ark. 296; *Jester v. Hopper,* 13 Ark. 43; *Mfg. Co. v. Donahoe,* 49 Ark. 318.

WILLIAMS, J. (after stating the facts as above). It is not essential for the disposition of this case to determine whether or not section 2753, Ind. T. Ann. St. 1899 (Mansf. Dig. § 4073; Sand. & H. Dig. § 4369; Gantt's Dig. § 3763; Kirby's Dig. § 4604), which provides that:

"In cases of dismissal for want of prosecution, confession, or on the verdict of a jury, the judgment shall be rendered and entered upon the docket forthwith. In all other cases the same shall be done within three days after the cause is submitted to the justice for final decision."

—is mandatory. In case it were mandatory, the failure of the

justice to render and enter judgment within three days would not oust him of jurisdiction of the subject-matter, but merely of the parties. It has been repeatedly held by the Supreme Court of Arkansas that a party by appealing made himself a party to the proceeding, and could not thereafter object to the jurisdiction of the court over his person. *McKee v. Murphy,* 1 Ark. 58; *Smith v. Stinnett,* 1 Ark. 497; *Ball v. Kuykendall,* 2 Ark. 195; *Sykes v. Laferty,* 25 Ark. 99; *K. C., S. & M. R. Co. v. Summers,* 45 Ark. 296.

Conceding then that the judgment, not having been rendered and entered within three days after the submission of the case to the United States commissioner, who was *ex officio* a justice of the peace under the statutes of Arkansas extended to and put in force in the Indian Territory (Act Cong. May 2, 1890, c. 186, 26 Stat. 81; Ind. T. Ann. St. 1899, p. 13, § 39; Act Cong. March 1, 1895, c. 145, 28 Stat. 693; Ind. T. Ann. St. 1899, p. 17, § 48), and who had jurisdiction of the subject-matter, was void, jurisdiction over the parties having been lost; yet when the defendant appeared and filed an affidavit for appeal to the United States Court for the Northern District of the Indian Territory at Vinita, and superseded the judgment, it thereby entered its appearance and made itself a party to the proceeding, and cannot thereafter be heard to complain of the judgment rendered in the United States Court at Vinita.

Section 2744, Ind. T. Ann. St. 1899 (Mansf. Dig. § 4064; Sand. & H. Dig. § 4360; Gantt's Dig. § 3754), provides:

"Whenever a justice shall be satisfied that a jury sworn in a cause before him, after having been out a reasonable time, cannot agree on their verdict, he may discharge them, and shall issue immediately a new summons for another to appear, at a time therein fixed, not more than three days distant, unless the parties consent that the justice may render judgment upon the evidence already before him, which, in such case, he may do; or, unless they consent that the new trial, upon a new hearing of the evidence to be adduced by the parties shall be by the justice."

In the case of *Manufacturing Co. v. Donahoe*, 49 Ark. 320, 5 S. W. 342, the court said:

"* * * It is clear that the justice did not lose jurisdiction of the subject-matter of the action by the continuance; and, as to the jurisdiction of the person, this court has repeatedly held that when the defendant had appeared before a justice of the peace, had the benefit of a trial on the merits, and an appeal had been taken to the circuit court, he could not then be heard to say that the justice had no jurisdiction of his person. No question arises here as to the effect of the continuance by agreement. When the defendant appeared and went into trial before the justice on the 26th, she thereby gave him jurisdiction of her person"—citing *Sykes v. Laferty*, 25 Ark. 99; *McKee v. Murphy*, 1 Ark. 55; *Townsend v. Timmons*, 44 Ark. 482. See, also, *Hodges v. Frazier*, 31 Ark. 60.

In addition, the court found that the attorneys of both plaintiff and defendant from time to time requested the commissioner to render and enter his judgment, and that this amounted to a waiver of any irregularity in entering the judgment. This may be construed as tantamount to an implied agreement to the entering of the judgment beyond the three days prescribed by the statute.

There appearing no reversible error in the record, the judgment of the lower court is affirmed.

All the Justices concur.