McALISTER *v.* ROBINS.

Opinion delivered November 6, 1911.

1. Justice of the peace—appeal—requisites.—An appeal from a justice of the peace will not be dismissed, where the party appealing filed the statutory affidavit for appeal, though the transcript on appeal failed to show that an appeal had been granted by the justice of the peace. (Page 542.)

2. Exemptions—debtor's residence.—As the question of residence is largely one of intention, a debtor who is preparing to remove from the State may still be a resident of the State and entitled to her exemptions. (Page 542.)

Appeal from Benton Circuit Court; *J. S. Mapl*
affirmed.

*Rice & Dickson,* for appellant.

1. The record does not show that the affida
was filed or that an appeal was granted.   7 Ark. 2

2. The court erred in admitting appelle
to the effect that she had been sued, attachme
judgment rendered against her sustaining th
etc.   If such testimony was admissible, then
allow the schedule.   43 Ark. 43; 51 Ark. 87.

3. The evidence shows that appellee w
of the State, and not entitled to claim exem
a nonresident within the meaning of the
though still within the State, when, with a fixe
it and his residence therein, he begins to remove        other
State with intent there to reside."   86 Am. St. Rep. 29.

Appellee, *pro se.*

1. The circuit court had jurisdiction.   There was a sub-
stantial, if not a literal, compliance with the statute in the
matter of the affidavit for appeal.   Its delivery to the justice
of the peace was a filing.   Kirby's Dig., § § 4666, 4672, 4671;
21 Ark. 578-580.

2. Appellee had not lost her citizenship, and right to
claim exemptions.   70 Ill. 120; 8 Ky. Law Rep. 781; 10
S. W. 131.

McCulloch, C. J.   Appellants sued appellee before a
justice of the peace in Benton County on account for debt,
and caused an order of general attachment to be issued and
levied on household goods owned by appellee, who appeared
and filed a schedule of her property, claiming the attached
property to be exempt from seizure.   The justice of the peace
refused to allow the claim of exemption, and appellee prayed an
appeal to the circuit court, and within the time prescribed
by statute filed affidavit and bond for appeal.   A transcript of
the proceedings was filed in the circuit court, and appellant
moved to dismiss on the ground that the transcript failed to
show that an appeal had been granted by the justice of the peace.
The motion was overruled, and the court, after hearing the mat-

schedule and oral testimony, allowed the claim of
and ordered supersedeas.
tion to dismiss was properly overruled, for appellee
was required in order to obtain an appeal by filing
affidavit, and she was entitled to an appeal as a
t. Wynn v. Garland, 11 Ark. 302; Rapley v.
80; Townsend v. Timmons, 44 Ark. 482.
te provides that an appeal shall not be dis-
sions or informalities in the docket of a justice,
ourt may, by rule or attachment, require the
t the same or to allow an appeal where he has
on the filing of the affidavit. Kirby's Digest,
d 4675.
of residence is largely one of intention, as
ts and circumstances. And, notwithstanding
appellee was preparing to remove from the State, the court was
warranted in finding from the evidence that she was still a
resident of the State and entitled to exemptions. Savage v.
Gazola, 80 Ark. 249; Gebhart v. Merchant, 84 Ark. 359. Merely
an intention to remove from the State, or even preparations
to leave, do not deprive a person of the right to exemptions.
Winslow v. Benedict, 70 Ill. 120; Herzfield v. Beasley, 106 Ala.
447; Anthony, A. C. & Co. v. Wade, 1 Bush (Ky.) 110; Stirman
v. Smith, 8 Ky. Law Rep. 781; Bonnell v. Dunn, 28 N. J. Law
153; Stafford v. Mills, 57 N. J. Law 570; Ballinger v. Lantier,
15 Kan. 608; Woods v. Bresnahan, 63 Mich. 641; Grimstad v.
Lofgren, 105 Minn. 286, 17 L. R. A. (N. S.) 910.

In many of the cases cited above the facts were that the
debtor had declared his intention to remove from the State and
had packed his household goods and delivered them at the rail-
road station for shipment out of the State, but it was held that
the right to claim exemptions as a resident of the State had
not been lost.

Appellee did not waive her right to claim exemptions by
failing to appeal from the judgment of the justice sustaining
the attachment, but she preserved her rights by appealing
from the judgment denying the exemptions.

Judgment affirmed.