# PARKER v. DACRES.

## APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF WASHINGTON.

No. 157. Argued January 31, February 1, 1889. — Decided March 5, 1889.

No right exists at common law, or in the system of equity as administered in the courts of England prior to the organization of the government of the United States, to redeem from a sale under a decree of foreclosure.

*Clark* v. *Reyburn*, 8 Wall. 318, does not recognize a right of redemption

after a sale under a decree of foreclosure, independently of a right given by statute.

The courts of the United States, sitting in equity, recognize a statutory right of redemption from a sale under a decree of foreclosure, and that the statute conferring it is a rule of property in the State.

The Civil Practice Act of Washington Territory of 1873 provides that all sales of real estate under execution, except sales of an estate of less than a leasehold of two years unexpired term, shall be subject to a right of redemption by the judgment debtor, or his successor in interest, within six months after confirmation of sale upon tender to the sheriff of the amount due with interest, and that the sheriff "may be required by order of the court or a judge thereof to allow such redemption, if he unlawfully refuses to allow it." The freehold estate of the plaintiff below having been sold under a decree of foreclosure, he tendered to the sheriff the amount necessary to redeem it within six months from the date of the confirmation of the sale. The sheriff refused to receive the money. No application was made to the court or a judge thereof, under the statute, for an order upon the sheriff requiring him to allow the redemption; but about nine years after the sale, the plaintiff below brought this suit to redeem; *Held*, that, without deciding whether the statute of the Territory is applicable to a sale under a decree of foreclosure, a court of equity should refuse aid to a party asserting under it a right of redemption, who has neglected, at least without sufficient cause, before the expiration of six months from the confirmation of the sale, to invoke the authority of the proper court or judge to compel the recognition of such right by the officer whose duty it was, under the statute, to accept a tender made in conformity with law.

IN EQUITY. Defendants demurred to the bill. The demurrer was sustained in the District Court, and that judgment was affirmed by the Supreme Court of the Territory. Plaintiff appealed. The case is stated in the opinion of the court.

*Mr. John H. Mitchell* for appellant.

*Mr. W. W. Upton* for appellees. *Mr. C. B. Upton, Mr. B. L. Sharpstein* and *Mr. J. L. Sharpstein* were with him on the brief.

MR. JUSTICE HARLAN delivered the opinion of the court.

The object of this suit in equity is to obtain a decree for the redemption of certain parcels of real estate in the county of Walla Walla, Washington Territory, which were sold by the

sheriff on the second day of January, 1875, at public auction, under a decree rendered in the District Court of the First Judicial District of that Territory, in the case of Joseph Petrain against Edward Sheil, W. B. Thomas, John F. Abbott and D. Brouker. The appellees, who were the defendants below, were purchasers of the several parcels. Before the expiration of six months from the confirmation of the sale, namely, on the 10th of November, 1875, the appellant, who was the plaintiff below, tendered to the sheriff, in lawful money, the amount necessary to redeem the entire property, presenting to him at the time papers showing that he had given to the defendants, at least two days prior to November 10, 1875, notice that he would make such tender; a certified copy of the above decree, with papers showing the amount due thereon; and a duly certified copy of the deed from Sheil, transferring to the plaintiff, on December 28, 1874, all the property in controversy. The sheriff refused to receive the money, and the amount was brought into court at the commencement of this action.

The plaintiff bases his right to redeem upon certain sections of the Civil Practice Act of Washington Territory, approved November 13, 1873, (Laws of Washington, 1873, p. 94,) relating to " sales of property under execution," by one of which, § 364, it is declared that a sale of real property, when the estate is less than a leasehold of two years' unexpired term, shall be absolute, but " in all other cases such property shall be subject to redemption as hereinafter provided in this chapter." That chapter directs the sheriff to deliver to the purchaser a certificate of the sale, and gives the right of redemption to a judgment debtor or his successor in interest, in the whole or in part of the property separately sold, and to a creditor having a lien on any portion of the property, separately sold, by judgment, decree, or mortgage, subsequent in time to that for which the property was sold. § 365. The persons last described are designated by the statute redemptioners. By another section the judgment debtor or redemptioner is permitted to redeem the property within six months from the date of the order confirming the sale, by paying the amount

of the purchase, with interest at the rate of two per cent per month from the time of sale, together with any taxes paid by the purchaser; and, if the purchaser be also a creditor having a lien prior to that of the redemptioner, the amount of such lien with interest. § 366. A succeeding section prescribes the mode of redeeming, namely: " 1. The person seeking to redeem shall give the purchaser or redemptioner, as the case may be, two days' notice of his intention to apply to the sheriff for that purpose; at the time specified in such notice such person may redeem by paying to the sheriff the sum required. The sheriff shall give the person redeeming a certificate as in case of sale on execution, adding therein the sum paid on redemption, from whom redeemed, and the date thereof. A party seeking to redeem shall submit to the sheriff the evidence of his right thereto, as follows: 2. Proof that the notice required by this section has been given to the purchaser or redemptioner, or waived. 3. If he be a lien creditor, a copy of the docket of the judgment or decree under which he claims the right to redeem, certified to the clerk of the court where such judgment or decree is docketed, or, if he seeks to redeem upon mortgage, the certificate of the record thereof. 4. A copy of any assignment necessary to establish his claim, verified by the affidavit of himself or agent showing the amount then actually due on the judgment, decree, or mortgage. 5. If the redemptioner or purchaser have a lien prior to that of the lien creditor seeking to redeem, such redemptioner or purchaser shall submit to the sheriff the like evidence thereof and of the amount due thereon, or the same may be disregarded."

In the same act is a separate chapter regulating foreclosures of mortgages. None of the provisions of that chapter, however, give the right of redemption after a sale under a decree of foreclosure. But it is provided that " the payment of the mortgage debt with interest and costs at any time before sale shall satisfy the judgment." § 563.

The contention of the plaintiff is that the provisions of the chapter relating to "sales under execution," so far as they refer to the right of redemption, apply to sales under decrees

of foreclosure. In support of this view decisions of the Supreme Court of California are cited, construing similar statutory provisions from which, it is claimed, the statute of Washington Territory was copied. *Kent* v. *Laffan*, 2 Cal. 595 (1852); *Harlan* v. *Smith*, 6 Cal. 173 (1856); *McMillan* v. *Richards*, 9 Cal. 365 (1858); *Gross* v. *Fowler*, 21 Cal. 392 (1863). On the other hand it is insisted that the Civil Practice Act of 1873, so far as it related to sales under execution and to sales under decrees for the foreclosure of mortgages, was copied substantially from Iowa statutes, which, it is contended, did not give the right to redeem after sale under a foreclosure decree. *Stoddard* v. *Forbes*, 13 Iowa, 296 (1862); *Kramer* v. *Rebman*, 9 Iowa, 114 (1859).

In the view we take of this case it is unnecessary to express an opinion whether the provision relating to sales under execution, properly interpreted, gave a right of redemption after sale under a decree of foreclosure. If it did not, the decree below must be affirmed, for a right to redeem, after sale, does not exist unless given by statute. Counsel for the plaintiff speaks of a common-law right of redemption after sale that attaches in the absence of any statutory provision on the subject. We are not aware of any such right existing at common law, or in the system of equity as administered in the courts of England previous to the organization of our government. It is a mistake to suppose that the case of *Clark* v. *Reyburn*, 8 Wall. 318, recognizes a right of redemption after a sale under a foreclosure decree, independently of statute. It is there stated that "by the common law, when the condition of the mortgage was broken, the estate of the mortgagee became indefeasible," and that "equity interposed and permitted the mortgagor, within a reasonable time, to redeem upon the payment of the amount due before sale;" also, that, according to the settled practice in equity, when proceedings to foreclose were not regulated by statute, this right to redeem before sale is fixed by the primary decree, and that only in the event of final default in paying the amount ascertained to be due is an absolute sale ordered. The decree in that case was one of strict foreclosure, cutting off the right of redemption before or

after sale. It did not find the amount due, and allowed no time previous to the sale to redeem by paying the debt. It was final in the first instance. In many of the States the right to redeem within a prescribed time after sale under a decree of foreclosure is given, in certain cases, by statute. This right, when thus given, is a substantial one, to be recognized even in the courts of the United States sitting in equity, because the statute constitutes a rule of property in the State that enacts it. *Brine* v. *Insurance Co.*, 96 U. S. 627; *Hammock* v. *Loan and Trust Co.*, 105 U. S. 77, 88; *Mason* v. *Northwestern Ins. Co.*, 106 U. S. 163; *Conn. Mutual Life Ins. Co.* v. *Cushman*, 108 U. S. 51, 63. "What is indispensable in such a decree," the court said in *Chicago and Vincennes Railroad Co.* v. *Fosdick*, 106 U. S. 47, 70, "is, that there should be declared the fact, nature and extent of the default which constituted the breach of the condition of the mortgage, and which justified the complainant in filing his bill to foreclose it, and the amount due on account thereof, which, with any further sums subsequently accruing and having become due, according to the terms of the security, the mortgagor is required to pay, within a reasonable time, to be fixed by the court, and which, if not paid, a sale of the mortgaged premises is directed." In conformity with these principles the Civil Practice Act of Washington Territory of 1873, in the chapter regulating the foreclosure of mortgages, expressly authorizes the mortgagor before the sale occurs to satisfy the judgment by paying the debt with interest and costs. It is clear that the right to redeem after sale, wherever it exists, is statutory.

If it be assumed that the provisions of the chapter relating to "sales under execution," and which, in terms, gave six months after the confirmation of sale to redeem, apply to sales under decrees of foreclosure, it does not follow that the plaintiff is entitled to relief. The territorial statute, like similar statutes in the several States, evidently contemplated that a redemption, if desired, should be made within a fixed, and comparatively short, period after sale. In few, if in any, of the States is more than one year given. The party seeking to redeem under the act of 1873 was required to assert his right

to do so within six months from the confirmation of the sale. If he failed to do so within that time, the right of the purchaser became complete; for it is expressly declared that "if no redemption be made within six months from the confirmation of the sale, the purchaser shall be entitled to a conveyance from the sheriff." § 368. And the mortgagor was not remediless if, without his fault, there was a failure to redeem within the time prescribed; for, by another section, it is expressly provided that "where a sheriff shall wrongfully refuse to allow any person to redeem, his right thereto shall not be prejudiced thereby, and upon the submission of the evidence and the tender of the money to the sheriff, as herein provided, he may be required, by order of the court or judge thereof to allow such redemption." Of this mode of enforcing his right to redeem, the plaintiff chose not to avail himself. No reason is assigned why he did not do so. The complaint, upon its face, shows that before the tender to the sheriff he had notice that the purchasers would contest his right to redeem. With knowledge of that fact, and notwithstanding the refusal of the sheriff to accept his tender, he made no application to the court or judge thereof for an order requiring that officer to allow the redemption. After resting in silence from November 10, 1875, until the institution of this suit on the 15th of May, 1884 — a period of nearly nine years — he prayed the assistance of a court of equity for the cancellation of the deeds executed to the several purchasers at the sheriff's sale.

We are of opinion that, construing the statute so as to give effect to the object for which it was enacted, a court of equity should refuse aid to a party, asserting under it a right of redemption, who has neglected, at least without sufficient cause, before the expiration of six months from the confirmation of the sale, to invoke the authority of the proper court or judge to compel the recognition of such right by the officer whose duty it was, under the statute, to accept a tender made in conformity with law. If, as suggested, this remedy is cumulative only, that fact only diminishes the right of the plaintiff to relief; for he not only neglected to avail himself of this specific remedy, but failed to invoke, in due time, the general author-

ity, of a court of equity. The interpretation we give to the statute is supported by the principle upon which courts of equity uniformly proceed, independently of any statute of limitations, of refusing relief to those who unreasonably delay to invoke their aid. *Richards* v. *Mackall*, 124 U. S. 183, 187.

To avoid misapprehension, it is proper to observe that what we have said has reference only to cases arising under the Civil Practice Act of 1873. The present case is unaffected by the act of the territorial legislature, approved February 3, 1886, permitting the judgment debtor, or his successor in interest, to redeem any real estate sold under execution of judgment or foreclosure of mortgage, at any time within one year from the date of sale, by paying the amount of the purchase-money, with interest at the rate of one per centum per month thereon from the date of sale, together with the amount of any taxes the purchaser may have paid.

*The decree is affirmed.*