## ASEU BROWN v. HATTIE BANNISTER and ANDREW BANNISTER, her husband, and A. WIGGINS.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JUNE 15, 1903. DECIDED OCTOBER 30, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

There is no statute in this Territory authorizing a mortgagor or other party in interest to redeem mortgaged property after foreclosure sale.

A judgment creditor of the mortgagor has no right to redeem the mortgaged property after sale under foreclosure in the absence of a statute expressly conferring that right.

### OPINION OF THE COURT BY GALBRAITH, J.

This is an appeal from the decree of a Circuit Judge of the First Circuit sustaining a demurrer and dismissing a bill to redeem property sold under mortgage foreclosure.

The plaintiff, a judgment creditor of the defendant, Andrew Bannister, filed a bill in equity to redeem certain premises that had been sold under the power of sale contained in a mortgage as provided in Chapter 115, Civil Laws.

The bill alleges that the mortgage under which the property was sold was executed by Bannister and duly recorded in the year 1898; that the plaintiff's judgment was entered against him in the year 1902; that execution was issued on the judgment and levied on the mortgaged premises in February, 1902, and that the same were advertised for sale under the execution for April 4, 1902, that the premises were sold under the mortgage on March 10, 1902, and that the defendant, Hattie Bannister, purchased the same for the sum of $710.00; that the defendant Wiggins is a subsequent mortgagee of the premises; that on March 19, 1902, the plaintiff tendered to Hattie Bannister the amount of the purchase money and expenses and demanded a conveyance of the premises to the plaintiff and that this demand was refused. The prayer is for process and for an order compelling a conveyance of the premises to the plaintiff on the payment of the purchase price and the necessary expenses and for general relief. The ruling of the Circuit Judge on the defendants' demurrer was based on the ground that the bill failed to state a cause of action.

It may be assumed as contended that the plaintiff by the levy of the execution obtained a valid lien on Andrew Bannister's interest in the property, but this interest at that time was no more than an equity of redemption and by the sale under the power in the mortgage this interest was foreclosed, cut off and terminated. Andrew Bannister, the mortgagor, had no right to redeem the property after the sale and certainly his creditor, the plaintiff, had no greater right in it than he had. *Kramer v. Rebman,* 9 Iowa, 124; *Mutual Loan & Banking Co. v. Haas,* 27 S. E. 980; *Durden v. Whetstone,* 9 So. 176; *Mayer v. Farmer's Bank,* 44 Iowa, 216.

Whatever the plaintiff's rights may have been prior to the sale, had she availed herself of them, it is clear that after the sale she had no right to redeem the property in the absence of a statute expressly conferring that right. *Parker v. Dacres,* 130 U. S., 43. There is no statute in this Territory giving to mortgagors or other parties in interest the right to redeem property sold under foreclosure proceedings.

There is no error in the ruling of the Circuit Judge. The decree appealed from should be affirmed. It is so ordered.

*Frank Andrade* for plaintiff.

*Smith & Lewis* and *Louis J. Warren* for defendants.

