**In re KEALIA BEACH VILLAGE, INC., Debtor.**

**STATE SAVINGS AND LOAN ASSOCIATION, Plaintiff,**

**v.**

**KEALIA BEACH VILLAGE, INC., Defendant.**

**Bankruptcy No. 81–0157.**

United States Bankruptcy Court, D. Hawaii.

Feb. 24, 1982.

Mary Blaine Durant, Honolulu, Hawaii, for debtor.

Ke-Ching Ning, Stephen A. Jones, Honolulu, Hawaii, for plaintiff.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER LIFTING STAY

JON J. CHINEN, Bankruptcy Judge.

This cause came on for hearing before this Court on Monday, January 25, 1982, at 9:30 a. m., before the undersigned Judge on motion of Plaintiff, State Savings and Loan Association ("State Savings").

The Court, having heard the arguments of counsel and considered the record, files, and pleadings herein, and being fully advised in the premises, makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. State Savings was the mortgagee of the leasehold interest of Kealia and the fee interest of Esteban R. Rivera Enterprises, Inc. ("Esteban"), in certain property located in Kihei, Maui, Hawaii (the "Property"), being the subject of the Complaint herein.

2. On August 24, 1981, the Circuit Court of the Second Circuit, State of Hawaii, issued its Decree foreclosing the above-mentioned mortgages (the "Decree").

3. The Decree appointed a Commissioner to sell the property, authorized State Savings to be a purchaser at the Commissioner's sale, set an upset price of $1.2 million, and provided for a further hearing to consider confirmation of the sale and to determine the amounts due to State Savings, the priorities and amounts of other liens, claims, and the fees and costs of the Commissioner.

4. On October 21, 1981, the Commissioner sold the fee interest in the Property at public auction for $1.2 million to State Savings, there having been no other bidders.

5. On October 29, 1981, Kealia filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On November 30, 1982, State Savings filed a Complaint to Lift Stay with this Court, and on December 22, 1981, moved for summary judgment thereon.

6. On December 28, 1981, this Court partially lifted the automatic stay imposed by 11 U.S.C. Section 362, in order to allow the parties to apply to the Circuit Court of the Second Circuit, State of Hawaii, for clarification as to whether the Commissioner's sale had been held in conformity with the Decree.

7. On January 18, 1982, the Circuit Court of the Second Circuit, State of Hawaii, ruled that the Commissioner's sale had conformed to the terms of the Decree and the procedures set forth therein.

8. These Findings of Fact, insofar as they are Conclusions of Law, are incorporated by reference in the Conclusions of Law as hereinafter stated.

### CONCLUSIONS OF LAW

1. In Hawaii, there is no right of redemption. In *Brown v. Bannister*, 15 Hawaii 271 (1903), the Hawaii Supreme Court stated:

Whatever the plaintiff's rights may have been prior to the sale, had she availed herself of them, it is clear that after the sale she had no right to redeem the property in the absence of a statute expressly conferring that right. *Parker v. Dacres*, 130 U.S. 43 [9 S.Ct. 433, 32 L.Ed. 848]. There is no statute in this Territory giving to mortgagors or other parties in interest the right to redeem property sold under foreclosure proceedings. *Id.* at 272.

There is presently no statute in the State of Hawaii giving mortgagors the right to redeem property sold under foreclosure proceedings.

2. The Commissioner's sale of the subject property on October 21, 1981 for the upset price specified in the Decree, divested Debtor of all right, title and interest in the property. Thereafter, Debtor could no longer sell, mortgage, lease or in any way convey the property.

3. At the confirmation hearing, the Debtor only has the privilege to obtain the return of the property by payment of a price above the purchase price. All other entities have this same privilege of obtaining the property by payment of a price above the purchase price. Thus, at the time of the filing of the petition on October 29, 1981, the Debtor had no interest in the property that passed into the bankruptcy estate. It only follows then that the automatic stay provided by 11 U.S.C. Section 362 should not operate to prevent confirmation of the pre-petition commissioner's sale.

4. These Conclusions of Law, insofar as they are Findings of Fact, are incorporated in the Findings of Fact as hereinbefore stated.

### ORDER LIFTING STAY

Based on the foregoing Findings of Fact and Conclusions of Law,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment is granted in favor of State Savings and the automatic stay imposed by 11 U.S.C. Section 362 is hereby lifted with respect to the Property.