# Third District Court of Appeal

## State of Florida

Opinion filed November 10, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1277
Lower Tribunal No. 17-8408
_____

**2275 NE 120 Street, LLC,**
Appellant,

vs.

**Sanchez Struve Business Advisors, LLC,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Cardet Law, P.A., and Alberto M. Cardet; Birnbaum, Lippman & Gregoire, PLLC, and Nancy W. Gregoire Stamper (Fort Lauderdale), for appellant.

Dennis A. Donet, P.A., and Dennis A. Donet, for appellee.

Before EMAS, MILLER, and LOBREE, JJ.

MILLER, J.

Appellant, 2275 NE 120 Street, LLC, the mortgagor, challenges an order denying its motion to vacate a judicial foreclosure sale and directing the clerk to issue the certificate of title to the successful bidder at the sale, appellee, Sanchez Struve Business Advisors, LLC, the mortgagee. On appeal, the mortgagor contends the failure by the court to reduce the amount of indebtedness in the final judgment by the net funds derived from a myriad of prior unsuccessful foreclosure sales effectively prevented it from exercising its right of redemption. Discerning no error, we affirm.

## BACKGROUND

In late 2017, the mortgagee obtained a final summary judgment of foreclosure against the mortgagor. Although the mortgagor did not challenge the validity of the judgment, it sought bankruptcy protection immediately after rendition. After the bankruptcy stay was lifted, the final judgment was amended several times to account for additional expenses incurred, and six consecutive public foreclosure sales ensued.

At each of the first five sales, conducted between February 2019 and December 2019, an affiliate or principal of the mortgagor was deemed the winning bidder. Following each sale, "final payment [was] not made within the prescribed period." § 45.031(3), Fla. Stat. (2021). The clerk of courts deducted permissible costs and released remaining funds, totaling

2

approximately $155,000.00, to the mortgagee, by means of a stipulated court order.  See id.

By the time of the sixth and final sale, the final judgment, as amended, reflected indebtedness in the amount of nearly $600,000.00.  The mortgagee received a credit bid in the amount of the judgment, and, after bidding approximately $400,000.00, was named the winning bidder.  The record is devoid of any indication the mortgagor sought to exercise its redemption rights either before or during the sale.  No objection to the sale was filed, and, on March 5, 2020, the clerk filed the certificate of sale.

Four months later, the mortgagor filed a motion to vacate the sale.  In the motion, it contended the failure by the trial court to reduce the indebtedness reflected in the final judgment by the amounts released to the mortgagee following the prior incomplete sales negatively impacted its right of redemption.  Concluding the mortgagor had neither filed a timely objection nor established it was "ready, willing, and able" to exercise the right of redemption, the trial court denied the motion.  The instant appeal ensued.

**STANDARD OF REVIEW**

We review a trial court's ruling on a motion to set aside a foreclosure sale for a gross abuse of discretion.  U.S. Bank, N.A. v. Vogel, 137 So. 3d 491, 493 (Fla. 4th DCA 2014).

3

## ANALYSIS

Tracing its origins to Roman civil law, the now statutorily circumscribed right of redemption "is an incident of all mortgages and cannot be extinguished except by due process of law."  John Stepp, Inc. v. First Fed. Sav. & Loan Ass'n of Miami, 379 So. 2d 384, 386 (Fla. 4th DCA 1980); Thomas W. Bigley, Property Law—The Equity of Redemption: Who Decides When it Ends?, 21 Wm. Mitchell L. Rev. 315, 317 (1995) ("[T]he equity of redemption principle found in English mortgage law originated under Roman civil law.").  Historically, the right of redemption did not extend beyond the sale date.  Parker v. Dacres, 130 U.S. 43, 47 (1889).  Thus, "[i]t is clear that the right to redeem after sale, wherever it exists, is statutory."  Id. at 48.

In Florida, the right of redemption is codified within section 45.0315, Florida Statutes.  The statute provides, in pertinent part:

> At any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure, the mortgagor or the holder of any subordinate interest may cure the mortgagor's indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure . . . . Otherwise, there is no right of redemption.

§ 45.0315, Fla. Stat.  In interpreting the reach of the statute, the Florida Supreme Court has determined, "a 'sale' can still be 'prevent[ed]' even after the public auction."  Bank of N.Y. Mellon v. Glenville, 252 So. 3d 1120, 1129

4

(Fla. 2018) (alteration in original).  Unless otherwise provided in the operative judgment, however, "the right to redeem expires when the clerk files the certificate of sale."  Indian River Farms v. YBF Partners, 777 So. 2d 1096, 1099 (Fla. 4th DCA 2001).

In the instant case, the judgment provided that "[o]n filing the Certificate of Sale, [the mortgagor's] right of redemption as proscribed by Florida Statutes, Section 45.0315 shall be terminated."  The certificate of sale was filed on March 5, 2020, and, despite having notice of the previously released funds, there has been no showing the mortgagor attempted to satisfy the mortgage prior to that date or objected within the statutorily prescribed ten-day window following the sale.  See § 45.031(5), Fla. Stat.

Instead, four months later, the mortgagor filed an unverified motion to vacate the sale.  In the motion, it did not allege it was hindered in its ability to satisfy the indebtedness.  Rather, it asserted in a relatively conclusory manner that its "redemption rights [were] inappropriately and negatively impacted by improper calculations," and the mortgagee "was given an unfair advantage of being able to credit bid its judgment for an amount higher than what was actually owed."

It is true a mortgagor need not obtain the permission of the trial court before exercising the right of redemption.  See Saidi v. Wasko, 687 So. 2d

5

10, 12 (Fla. 5th DCA 1997). In this regard, because no proceedings are ordinarily required to render redemption effective, the right has been termed self-executing. 72 Am. Jur. 2d State and Local Taxation § 889. It is equally true, however, that the right must be timely claimed by tendering the amount due and owing within the statutorily prescribed period, or "there is no right of redemption." § 45.0315, Fla. Stat.

Here, the mortgagor neither alleged nor adduced facts supporting the proposition that it was prevented from tendering the indebtedness, as reduced by the amounts derived from the prior incomplete sales. Instead, the protracted litigation history suggested the opposite conclusion. The mortgagor had ample opportunity over the span of two years to tender payment and did not do so, and it further failed to timely object to the procedure of the sale.

Given these circumstances, we conclude the trial court acted within its discretion in denying the motion to vacate and ordering the clerk to issue the certificate of title. See § 45.031(5), Fla. Stat. ("If no objections to the sale are filed within 10 days after filing the certificate of sale, the clerk shall file a certificate of title and serve a copy of it on each party."). Accordingly, we affirm the order under review.

Affirmed.